

Amber R. Will
Associate
(212) 735-8853
awill@morrisoncohen.com

November 20, 2023

**VIA ECF**

Hon. Frederic Block
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *A. Rum Kim v. NYC Green Transportation Group LLC et al.*,
           1:23-cv-05445-FB-PK (E.D.N.Y.)

Dear Judge Block:

      We represent Defendants NYC Green Transportation Group, LLC ("NYC Green") and NuRide Transportation Group, LLC ("NuRide") (collectively, "Company Defendants") in the above-captioned action. Upon review of the docket, we have noted the Court's status conference scheduled for Wednesday, November 22, 2023, along with its request of Plaintiff A. Rum Kim ("Plaintiff") to provide membership information in Company Defendants to establish complete diversity (ECF Doc. No. 13). Although Plaintiff has yet to respond, Company Defendants can confirm that complete diversity is lacking in this case.

      Accordingly, we write pursuant to Your Honor's Individual Practice Rule 2(A) to request a pre-motion conference to allow Company Defendants to file a motion to dismiss the Complaint (ECF No. 3) under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff cannot establish either complete diversity under 28 U.S.C. § 1332(a)(2) or federal question jurisdiction under 28 U.S.C. § 1331, warranting dismissal.

      As a matter of law, the parties lack the complete diversity required to satisfy subject matter jurisdiction. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). It is well settled that a limited liability company's citizenship for purposes of evaluating diversity jurisdiction is determined by the citizenship of each of the limited liability company's members. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000). In a complaint premised on diversity jurisdiction, Plaintiff "must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *Sienna Ventures, LLC v. Halley Equip. Leasing, LLC*, No. 18-cv-201(DRH)(GRB), 2018 U.S. Dist. LEXIS 56017, at *3 (E.D.N.Y. Apr. 2, 2018).

      Both NYC Green and NuRide are limited liability companies, yet Plaintiff fails to allege the citizenship of any of its members. The Court cannot determine whether it has subject matter jurisdiction over the action, justifying dismissal of the Complaint. *See, e.g., Encompass Grp., LLC v.*

Judge Frederic Block
November 20, 2023
Page 2

*Oceanside Inst. Inds. Inc.*, No. 16-cv-2560 (DRH)(AYS), 2018 U.S. Dist. LEXIS 75208 (E.D.N.Y. May 3, 2018) (dismissing complaint sua sponte for failing to allege residency or citizenship of LLC members); *Sienna Ventures*, 2018 U.S. Dist. LEXIS 56017 (same).

However, even if Plaintiff had pleaded the citizenship of NYC Green's and NuRide's members sufficiently, the parties cannot achieve complete diversity. As pleaded in the Complaint, Plaintiff is a member of NYC Green. (Compl. at ¶ 24 (alleging that "the Investor (i.e. Plaintiff) shall be redeemed **from status as a member of the LLC**" (emphasis added)).) Because an LLC has the citizenship of all its members, NYC Green has the same citizenship as Plaintiff, vitiating complete diversity. *See Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 426 (E.D.N.Y. 2017) (remanding to state court where "in this case—as in any other where a LLC and squabbling LLC members form a cohort of adverse parties—federal diversity jurisdiction over the squabble is not available under § 1332(a)"); *see also Sullivan v. Ruvoldt*, No. 16 Civ. 583 (ER), 2017 U.S. Dist. LEXIS 44544 (S.D.N.Y. Mar. 24, 2017) (granting defendants' motion to dismiss for lack of subject matter jurisdiction where plaintiff remained a member of the LLC defendant). Amending the Complaint would be futile because complete diversity cannot be achieved as long as Plaintiff remains a member of NYC Green. A different investor tried the same hook for federal jurisdiction against NYC Green in 2021, but voluntarily dismissed his case after being unable to show complete diversity. *See* Notice of Voluntary Dismissal at ECF Doc. No. 13, *Bharadwaj v. NYC Green Transp. Grp., LLC*, 1:21-cv-01520-DG-JRC (June 16, 2021, E.D.N.Y.).

The only difference between the instant action and the one brought by Mr. Bharadwaj is that Plaintiff alleged in her Complaint that the state law claims arise under the federal laws governing EB-5 visas. (Compl. at ¶ 17.) Yet, none of Plaintiff's seven claims are based on a federal question. Claims for breach of fiduciary duty, breach of contract, fraud and misrepresentation, unjust enrichment, interference with prospective economic advantage, conversion, and civil conspiracy to commit fraud are inherently state law claims.

A case "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citation omitted). "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). Here, Plaintiff fails to even raise a federal issue in the Complaint. Section 203(b)(5) of the Immigration Nationality Act does not create a cause of action for Plaintiff in federal court. Likewise, Plaintiff's right to relief on any of her seven state law claims does not require even a rudimentary analysis of federal law. Alleging that the state law claims arise out of the federal EB-5 program does not confer federal jurisdiction. This Court considered and rejected the same argument by another EB-5 investor a few years ago. *See Seldon Clean Water Prod. (Asia) L.P. v. Taran*, No. 18-CV-4853(BMC), 2019 WL 1118043, at *2 (E.D.N.Y. Mar. 11, 2019) (Cogan, J.).

Judge Frederic Block
November 20, 2023
Page 3

For these reasons, Company Defendants respectfully request a pre-motion conference to allow Company Defendants to move to dismiss the Complaint for lack of subject matter jurisdiction. Company Defendants are prepared to discuss the same at the status conference already scheduled.

                                                Respectfully submitted,

                                                */s/ Jason Gottlieb*
                                                Jason Gottlieb
                                                Amber R. Will
                                                Morrison Cohen
                                                909 Third Avenue
                                                New York, NY 10022
                                                (212) 735-8600
                                                *Attorneys for Defendants*
                                                *NYC Green Transportation Group, LLC and*
                                                *NuRide Transportation Group, LLC*

cc:       All Counsel (via ECF)