UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| A. RUM KIM,<br><br>     Plaintiff,<br><br> -against-<br><br>NYC GREEN TRANSPORTATION GROUP LLC; NURIDE TRANSPORTATION GROUP LLC; ANTHONY G. PARRIZZI; and NADIM AHMED (a/k/a NADIM AHMED KHAN),<br>     Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 23-CV-5445 |

*For Plaintiff*:
LANDRY BELIZAIRE
Belizaire & Associates P.A.
2 Broad Street, Suite 505
Bloomfield, New Jersey 07003

*For Defendants NYC Green and NuRide*:
JASON GOTTLIEB
Morrison Cohen LLP
900 Third Avenue
New York, New York 10022

*For Defendant Anthony G. Parrizzi*:
IOANNIS SIPSAS
Sipsas PC
31-16 30th Avenue, Suite 201
Astoria, New York 11102

**BLOCK, Senior District Judge**:

  Plaintiff A. Rum Kim ("Plaintiff" or "Kim") filed this action against NYC Green Transportation Group limited liability company ("LLC") ("NYC Green") and NuRide Transportation Group LLC ("NuRide," together with NYC Green, "Company Defendants"); along with Defendant Anthony Parrizzi ("Parrizzi") and Nadim Ahmed ("Ahmed"), managing members of Company Defendants

1

(collectively, "Defendants"). Plaintiff asserts that Defendants' alleged fraudulent misrepresentations induced Plaintiff to invest through the EB-5 Immigration Investor Program to apply for permanent residence.

Company Defendants and Parrizzi move to dismiss the Second Amended Complaint ("SAC") for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). Parrizzi also moves to dismiss for failure to state a claim pursuant to FRCP 12(b)(6) and for failure to join a party under FRCP 12(b)(7). For the reasons below, Company Defendants' and Parrizzi's 12(b)(1) motions are DENIED; Parrizzi's motion to dismiss for failure to join a party is DENIED; and Parrizzi's 12(b)(6) motion is DENIED for claims 1–3 and GRANTED for claims 4–7.

I.  BACKGROUND

  A.  Factual Background

The following facts are drawn from the SAC or properly subject to judicial notice and assumed to be true. Plaintiff is a citizen of South Korea. NYC Green and NuRide are New York corporations with their principal place of business in Long Island City, New York. Defendants Anthony Parrizzi and Nadim Ahmed are managing members of Company Defendants.

Company Defendants were authorized by the United States Citizenship and Immigration Services ("USCIS") to recruit foreign nationals to apply for the EB-5

2

Program. The EB-5 Program allows foreign investors to apply for permanent residence by investing at least $500,000 in designated commercial enterprises. To obtain an EB-5 investor visa, a petitioner files a Form I-526 Immigration Petition by Alien Entrepreneur ("I-526 Petition") with USCIS.

In January 2018, Defendants recruited Plaintiff to invest $500,000 in their companies to obtain permanent residence through the EB-5 Program. The next month, Plaintiff paid $500,000, plus $20,000 in administrative fees, to Defendants. Defendants promised the following: "If the investor's I-526 petition is denied, the LLC shall return the Investor's Investment Amount within ninety (90) days of receipt of the Investor's written request therefor, and the Investor shall be redeemed from status as a member of the LLC." SAC ¶ 25, ECF No. 25. Defendants also guaranteed that the "company has sufficient assets and collaterals to return the funds." *Id.* at ¶ 24.

Plaintiff filed her I-526 petition in February 2018. In September 2022, USCIS denied Plaintiff's petition. The next month, Plaintiff demanded that Defendants return her capital investment and administrative fee per their agreement. Defendants responded that her money is gone and cannot be returned.

**B.     Procedural Background**

Plaintiff filed her complaint in July 2023, ECF No. 1, amended approximately one week later, ECF No. 3. After a status conference in November 2023, Plaintiff

3

filed the SAC in December 2023. The SAC is the operative complaint and seeks $1,500,000 in damages. Defendants moved to dismiss the SAC. ECF No. 28. Plaintiff did not respond.

## II. DISCUSSION

### A. The 12(b)(1) Motions

"Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under ... Rule 12(b)(1) and 12(b)(6), the ... court must address the 12(b)(1) motion first." *Saleh v. Holder*, 84 F. Supp. 3d 135, 138 (E.D.N.Y. 2014).[1]

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks statutory or constitutional power to adjudicate it." *Hui Fen Zhu v. McAleenan*, 501 F. Supp. 3d 139, 140 (E.D.N.Y. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The plaintiff must show, by a preponderance of the evidence, that subject matter jurisdiction exists. *Id.* "In reviewing a 12(b)(1) motion to dismiss, the court must accept as true all material factual allegations in the complaint, but the court is not to draw inferences from the complaint favorable to [the party asserting jurisdiction]." *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). The Court may also refer to

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

evidence outside the pleadings, including the administrative record. *Makarova*, 201 F.3d at 113.

Diversity jurisdiction exists in a civil action between citizens of different states when the amount in controversy exceeds $75,000. *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing 28 U.S.C. § 1332). Diversity must be "complete," meaning that the plaintiff may not share citizenship with any defendant, *id.*, including "any indispensable parties who must be joined," *Hermes of Paris, Inc. v. Swain*, 867 F.3d 321, 324 (2d Cir. 2017).

For jurisdictional purposes, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). A limited liability company ("LLC") is a citizen of the state or states where its members are citizens. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000).

Defendants argue that diversity jurisdiction does not exist here because Plaintiff became a member of NYC Green through her investment. This membership allegedly vitiates complete diversity because an LLC has the citizenship of all its members. *See Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 426 (E.D.N.Y. 2017) ("[I]n this case—as in any other where a LLC and squabbling LLC members form a cohort of adverse parties—federal diversity jurisdiction over the squabble is not available under § 1332(a).")

5

The Court rejects that argument. Plaintiff's membership of the LLC terminated with the denial of her I-526 petition. *See* SAC ¶ 2 ("If the investor's I-526 petition is denied, the LLC shall return the Investor's Investment Amount within ninety (90) days of receipt of the Investor's written request therefor, and the Investor shall be redeemed from status as a member of the LLC.") As a result, complete diversity exists here.

The amount in controversy—$1,500,000—exceeds $75,000, satisfying the requirement for diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, this Court has jurisdiction.

**B.    The 12(b)(7) Motion**

In determining whether an action should be dismissed for nonjoinder [under Federal Rule of Civil Procedure 12(b)(7)], the court ... must initially determine whether the party should be joined as a 'necessary party' under Rule 19(a)." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 681 (2d Cir. 1996). Parrizzi argues that Mahreen Shah, Mona Shah & Associates PLLC, Med Trans EB-5 Fund LLC, NYC EV Mobility LLC, and Gravitas NYC Regional Center LLC are necessary parties because they are co-defendants with the Company Defendants and Nadim Ahmed in an enforcement action brought by the Securities and Exchange Commission ("SEC").

The Court disagrees. An absent person may be "necessary" if:

6

(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The absence of these parties does not affect the Court's ability to provide complete relief by imposing money damages on the Defendants. Nor have these parties claimed an interest in the action. Finally, the absence of the other parties does not expose Defendants to multiple or inconsistent obligations. Thus, the Court denies the 12(b)(7) motion.

### C. The 12(b)(6) Motion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, or a "formulaic recitation of the elements of a cause of action." *Id.*

In resolving a motion under Rule 12(b)(6), the court must limit its consideration to the complaint, documents incorporated by reference therein,

7

documents not incorporated but nonetheless integral to the complaint, and matters properly subject to judicial notice. *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023). "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000).

Plaintiff asserts seven causes of action: (1) breach of fiduciary duty; (2) breach of contract and covenant of good faith and fair dealing; (3) fraud, deceit, and misrepresentation; (4) unjust enrichment; (5) interference with prospective economic advantage; (6) conversion; and (7) civil conspiracy to commit financial fraud.

Parrizzi filed the 12(b)(6) motion only on his behalf. Thus, all seven claims continue against Company Defendants and Ahmed.

Parrizzi does not respond to any of the individual claims. His only argument is that the complaint must be dismissed because it does not plead his individual wrongdoing with sufficient particularity. The Court rejects this argument. Plaintiff has made "allegations reflecting on the individual's liability for the corporation's wrongdoing." *ARB Upstate Commc'ns LLC v. R.J. Reuter, L.L.C.*, 93 A.D.3d 929, 931 (2012) (finding that a managing director, who signed a contract on corporation's behalf, may be held liable for breach of contract based on allegations that he managed or owned corporate defendants, and provided business advice to plaintiffs

that benefited corporation). Plaintiff has sufficiently alleged that Parrizzi controlled Company Defendants as a managing member, and that he used the entity to harm Plaintiff. On that basis, he may be liable for the corporation's conduct.

### 1. Breach of Fiduciary Duty

Plaintiff has sufficiently pleaded a direct claim for breach of fiduciary duty. "To state a cause of action to recover damages for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020). In assessing whether a claim should be brought directly or derivatively, New York courts consider "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)." *Yudell v. Gilbert*, 99 A.D.3d 108, 113–14 (1st Dep't 2012).

Under New York law, members and managers of LLCs owe fiduciary duties not just to the LLC, but also directly to the members of the LLC. *See Weidberg v. Barnett*, 752 F. Supp. 2d 301, 307 (E.D.N.Y. 2010). Given his responsibilities as the managing member of Company Defendants, Parrizzi owed a fiduciary duty to Kim, who was a member of NYC Green until the denial of her I-526 petition. And Plaintiff directly suffered harm from Defendants' refusal to return her investment. Moreover,

she would be entitled to the recovery if she successfully prevails in this suit. Thus, the Court denies the motion to dismiss the breach of fiduciary duty claim.

### 2. Breach of Contract

Plaintiff has sufficiently pleaded a claim for breach of contract. "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

The parties had an agreement that "[i]f the investor's I-526 petition is denied, the LLC shall return the Investor's Investment Amount within ninety (90) days of receipt of the Investor's written request therefor[.]" SAC ¶ 25. And Defendants guaranteed that the "company has sufficient assets and collaterals to return the funds." *Id.* at ¶ 24.

Parrizzi breached this agreement by refusing to refund Plaintiff despite denial of her EB-5 visa application, resulting in damages of at least the $500,000 she invested. Thus, the Court denies the motion to dismiss the breach of contract claim.

### 3. Fraud, Deceit, and Misrepresentation

Plaintiff has sufficiently pleaded a claim for fraud. To state a claim for fraud, "[a] party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged

generally." Fed. R. Civ. P. 9(b). Where the facts are exclusively within the adverse parties' knowledge, less particularity is required. *Liu v. Chau*, 2022 WL 409709, at *3 (E.D.N.Y. Feb. 10, 2022)

A fraud claim cannot be duplicative of a breach of contract claim. *See MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 87 A.D.3d 287, 293–94 (2011). "To maintain a separate claim for fraud, a plaintiff must '(i) demonstrate a legal duty separate from the duty to perform under the contract; (ii) point to a fraudulent misrepresentation that is collateral or extraneous to the contract; or (iii) seek special damages that are unrecoverable as contract damages.'" *Id.* (citing *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 183 (2d Cir. 2007)). "A fraud claim will be upheld when a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, even though the same circumstances also give rise to the plaintiff's breach of contract claim." *Id.* "Unlike a misrepresentation of future intent to perform, a misrepresentation of present facts is collateral to the contract . . . and therefore involves a separate breach of duty." *Id.*

Defendants promised the "company had sufficient assets and collaterals to return the funds." SAC ¶ 24. And Defendants misrepresented that Plaintiff's money will be invested in EB-5 projects because they allegedly had the intent to transfer Kim's "money to unrelated business ventures, [and then] used it for personal gains and benefits, used it to pay their unrelated settlement with the Securities and

11

Exchange Commission, and otherwise squandered the money on a lavish lifestyle." *Id.* at ¶ 33. These are all misrepresentations of present facts, rather than promises for future performance. *See MBIA Ins. Corp.*, 87 A.D.3d at 293–94.

And Plaintiff's allegation that her funds were misappropriated is an independent fraud claim. *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 515 (S.D.N.Y. 2021) (upholding separate claim for fraud where defendants breached contract terms and "took the separate, additional step of arranging for the funds to be directed into their possession...."). Thus, the Court refuses to dismiss the fraud claim.

### 4. Unjust Enrichment

Plaintiff fails to sufficiently plead a claim for unjust enrichment. Unjust enrichment "is an obligation the law creates in the absence of any agreement." *Beth Isr. Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J. Inc.*, 448 F.3d 573, 586–87 (2d Cir. 2006). Here, an agreement exists. Thus, Plaintiff's unjust enrichment claim is dismissed.

### 5. Interference with Prospective Economic Advantage

Plaintiff fails to sufficiently plead a claim for interference with prospective economic advantage. "At the motion to dismiss stage, a plaintiff must specify some particular, *existing* business relationship through which plaintiff would have done business but for the allegedly tortious behavior." *Brown Media Corp. v. K & L Gates,*

*LLP*, 586 B.R. 508, 530 (E.D.N.Y. 2018). "In New York, the complaint must plead interference with a specific identified business relationship with a third party." *Id.* Plaintiff vaguely refers to "significant venture capital and various prospective business opportunities in the U.S. and abroad." SAC ¶ 58. The complaint identifies neither an existing business relationship nor a specific third party. Thus, the Court dismisses the interference with prospective economic advantage claim.

### 6. Conversion

Plaintiff fails to sufficiently plead a claim for conversion. She alleges a conversion claim against Parrizzi based on his refusal to return Plaintiff's money despite numerous demands.

Under New York law, conversion is the "unauthorized assumption and exercise of ownership over goods belonging to another to the exclusion of the owner's rights." *Vigilant Ins. Co. of America v. Hous. Auth. of El Paso*, 87 N.Y.2d 36, 44 (1995). "To prevail on a conversion claim a plaintiff must show (1) that he had a legal ownership interest in the property and (2) that the defendant exercised unauthorized interference with the plaintiff's ownership or possession of that property." *Wechsler v. Hunt Health Systems, Ltd.*, 330 F. Supp. 2d 383, 431 (S.D.N.Y. 2004). A conversion claim that merely duplicates a breach of contract claim is not actionable in New York. *See id.* at 431-32. To determine if these claims are duplicative, courts look to the damages claimed in each cause of action, as well as

13

any legal authority underlying the claims beyond mere violations of contractual rights. *See id.*

Plaintiff's conversion claim duplicates the breach of contract claim. Defendant's obligation to return the investment hinges on whether he breached the contract, not on a separate set of facts alleged by Kim. As with the breach of contract claim, Plaintiff seeks $1,500,000 in damages. The identical damages sought for each claim confirms that the conversion and breach of contract claims are duplicative and not independent. *See Wechsler*, 330 F. Supp. 2d at 432. Thus, the Court dismisses the conversion claim.

### 7. Civil Conspiracy to Commit Financial Fraud

Plaintiff fails to sufficiently plead a claim for conspiracy. The claim is barred by the intracorporate conspiracy doctrine. "It is well-settled that, under the intracorporate conspiracy doctrine, an entity cannot conspire with itself." *Williams v. County of Nassau*, 2017 WL 1216566, at *6 (E.D.NY. Mar. 30, 2017). Pursuant to the intracorporate conspiracy doctrine, "officers, agents, and employees of a single corporate entity . . . each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Rodriguez v. City of New York*, 644 F. Supp. 2d 168, 200 (E.D.N.Y. 2008).

Parrizzi and Nadim Ahmed are managing members of both NYC Green and NuRide. Since Parrizzi is an agent of Corporate Defendants, the intracorporate conspiracy doctrine bars the conspiracy claim.

An exception to this doctrine "applies where a plaintiff adequately alleges that each defendant possessed an independent, personal conspiratorial purpose, wholly separate and apart from the entity." *Reich v. Lopez*, 38 F. Supp. 3d 436, 463 (S.D.N.Y. 2014) (quoting *Broich v. Inc. Vill. of Southampton,* 650 F. Supp. 2d 234, 247 (E.D.N.Y. 2009)). The allegations in the complaint fail to plead this exception. Plaintiff makes no particularized allegation against Parrizzi suggesting an independent conspiracy. Thus, the Court dismisses the civil conspiracy to commit financial fraud claim.

### III.   CONCLUSION

For the foregoing reasons, Defendants' 12(b)(1) motions to dismiss are DENIED. Parrizzi's 12(b)(7) motion to dismiss is DENIED. Parrizzi's 12(b)(6) motion to dismiss is DENIED for claims 1–3 and GRANTED for claims 4–7.

**SO ORDERED.**

  /S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
February 3, 2025