# Sipsas P.C.
*Attorneys at Law*

31-16 30th Avenue, Suite #201  
Astoria, New York 11102  
T: (718) 777-0909 | F: (718) 777-5869

303 S Broadway, Suite #450  
Tarrytown, New York 10591  
T: (914) 872-4030

**John P. Sipsas** | E: john@sipsaslaw.com  
**Gina Nikolaou** | E: gina@sipsaslaw.com

<u>**VIA ECF**</u>

August 21, 2025

Hon. Frederic Block  
United States District  
Court Room 225  
Cadman Plaza East  
Brooklyn, NY 11201

Re: *A. Rum Kim v. NYC Green Transportation Group LLC et al.*, <u>1:23-cv-05445-FB-PK (E.D.N.Y.)</u>

Dear Judge Block:

We represent Defendant Anthony Parrizzi in the above-captioned action.

We write pursuant to Your Honor's Individual Practice Rule 2(A) to request a pre-motion conference to permit Defendant Anthony Parrizzi to file a motion to compel Plaintiff Kim to respond and abide by Defendant's Parrizzi discovery demands dated July 1, 2025. Pursuant to the scheduling order of this Court the responses were due on August 6, 2025 (see Docket No 46).[1]

Good faith efforts were made by notifying Plaintiff's counsel to comply with the Court's order. This counsel after conferring with Plaintiff's counsel extended the time to answer by or on August 18, 2025. Plaintiff failed to respond even though an email sent on August 19, 2025, asked Plaintiff's counsel to confer on August 19 or August 20, 2025. Plaintiff's counsel stayed silent. To date, Plaintiff's counsel did not respond.

My next option was begging Plaintiff to respond or to seek this court intervention. This counsel chose the latter.

Fed Rules Civ Proc R 37 states in pertinent part:

*(1) On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.*

---

[1] Plaintiff on 8/6/25 sent an email to all defendants and attached about twelve documents with the following comment:" Attached please find "Plaintiff's Document Production" in response to "Defendants' First Requests for Documents" in the above-referenced civil action. Plaintiff's written Answers will be provided under a separate cover letter/email. "However, Plaintiff failed to respond to Parrizzi's numbered document discovery demands.

1

*(3) Specific Motions*
*(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.*
*(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:*
*(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34*

      In *Wright v Rochester Sportfishing, Inc*., 2025 US Dist LEXIS 66173 at *12 [WDNY Apr. 7, 2025, No. 6:24-CV-06240 CJS CDH]) the court stated: "Rule 34(a)(1) requires a party to produce relevant documents in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Under this rule, a responding party is required "to conduct a reasonable and diligent search for responsive documents[.]" *Wilson v. Town of Cheektowaga*, No. 18-CV-1255W(F), 2021 U.S. Dist. LEXIS 10209, 2021 WL 195348, at *3 (W.D.N.Y. Jan. 10, 2021) (quoting *Gainer v. United Auto. Agric. Implement Workers,* (UAW), No. 08-CV-0501-W MS-MJR, 2016 U.S. Dist. LEXIS 196143, 2016 WL 9455264, at *5 (W.D.N.Y. Mar. 17, 2016)). "The responding party then must produce the requested documents 'or state with specificity the grounds for objecting to the request, including the reasons'" within 30 days. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.,* 328 F.R.D. 450, 452 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 34(b)(2)(A), (B), (C)); see also *Land Ocean Logistics, Inc. v. Aqua Gulf Corp*., 181 F.R.D. 229, 235 (W.D.N.Y. 1998) (Rule 34 requires responding party to provide written responses within 30 days)." See also, *World Wide Polymers, Inc. v Shinkong Synthetic Fibers Corp*., 694 F3d 155,159 (2d Cir 2012)[ Imposing sanctions pursuant to Rule 37 "is within the discretion of the district court and a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion*." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc*., 845 F.2d 1172, 1176 (2d Cir. 1988).]

    Based on the foregoing, we respectfully request a pre-motion conference and permission to file a motion to compel Plaintiff to properly respond to Defendant's Parrizzi's document discovery demands as well as other relief as permitted by law including counsel fees/

                                          Respectfully submitted,

                                          Ioannis (John) P. Sipsas
                                          Sipsas PC
                                          31-16 30th Avenue, Suite 201
                                          Astoria, New York 11102
                                          718-777-0909

CC. All counsel of record via ECF and email