# Sipsas P.C.
### *Attorneys at Law*

31-16 30th Avenue, Suite #201                           303 S Broadway, Suite #450
Astoria, New York 11102                                 Tarrytown, New York 10591
T: (718) 777-0909 | F: (718) 777-5869                   T: (914) 872-4030

**John P. Sipsas** | E: john@sipsaslaw.com
**Gina Nikolaou** | E: gina@sipsaslaw.com

October 3, 2025

<u>VIA ECF</u>
Magistrate Judge Seth D. Eichenholtz
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:   *A. Rum Kim v. NYC Green Transportation Group LLC et al.*,
            1:23-cv-05445-FB-PK (E.D.N.Y.)

Dear Judge Eichenholtz:

    We represent Defendant Anthony Parrizzi in the above-captioned action.  Pursuant to your order, we are filing a joint status report advising the status of the discovery disputes. However, it appears that counsel for co-defendants filed a separate letter. Defendant Parrizzi made efforts to confer but to no avail. As I was drafting this letter for a joint submittal, co-defendants filed their own letter.

**Status Report and Discovery Disputes by Defendant Parrizzi**
i)     **As to all co-defendants**

    Co-defendants failed to sufficiently respond to our interrogatories and discovery demand. On July 1, 2025, we submitted to Mr. Fasih Din, Esq. counsel for all co-defendants our demand for interrogatories, and a demand for document production, see **Exhibit 1**. On August 11, 2025, co-defendants responded to our demand for interrogatories and document demands. However, the responses are non-responsive, and all refer to a link of documents which essentially is a "document dump" of thousands of documents. See attached hereto as **Exhibit 2**.  Also the document link is attached hereto as :
https://www.dropbox.com/scl/fi/lc1nhvv49yd0razzpgk6b/Codefendants-answer.zip?rlkey=lxbjcn1h96ftuw7d50ihpm8oz&st=zrmeooxb&dl=0
The contents of the thousands of documents produced are in some instances not relevant and most importantly all of them are not in response to specific demands asked; this counsel is not required to guess what document may be the proper response to what demand. See *Sadofsky v Fiesta Prods., LLC*, 252 FRD 143,148 [EDNY 2008] "Additionally, a responding party cannot "foist a mass of records on his interrogator when their deciphering is feasible only for one familiar with the records." *Compagnie Francaise*, 105 F.R.D. at 44. Even the production of a small number of documents can create an unequal burden when the contents of the documents are not clear to the interrogating party.

See, e.g., *SEC v. TELLCO INFORMATION SERVS.*, No. 79 Civ. 6649, 1981 U.S. Dist. LEXIS 15268, \*6 (S.D.N.Y. Oct. 16, 1981) (upholding Magistrate's decision that the defendant should not be required to interpret the observations of a phone conversation memorialized in a hand-written note). However, "[o]ne party's familiarity with the documents does not necessarily create a disparity in the ease of discovery that would preclude resort to Rule 33[(d)]." *Compagnie Francaise*, 105 F.R.D. at 44 (citation omitted)."

Regarding document demands, Rule 34 of the Federal Rules of Civil Procedure requires that documents be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in the request. A "document dump" that fails to meet these requirements is not compliant.

Defendant Parrizzi has made multiple good faith efforts to resolve the matter by sending multiple emails, but to no avail. See Exhibit 3.

We hereby ask this Court to compel the co-defendants NYC GREEN TRANSPORTATION GROUP LLC; NURIDE TRANSPORTATION GROUP LL; and NADIM AHMED (a/k/a NADIM AHMED KHAN) to properly respond to our demands or to allow Defendant Parrizzi to file a motion.

ii)    **As to the Plaintiff**
       Plaintiff failed to respond to Defendant Parrizzi's discovery demands for documents, see Exhibit 4 our discovery demands. See also Exhibit 5, which contains Defendants' purported responses. These also consist of an indiscriminate document dump that includes irrelevant materials and fails to provide documents responsive to the specific numbered demands
       In addition, Plaintiff failed to respond to Defendant's Parrizzi's Request for Admissions, despite the fact that an extension was granted. Attached as Exhibit 6 is Defendant's Parrizzi's request for admissions. Defendant Parrizzi has made multiple good faith efforts to resolve the matter by sending multiple emails, but to no avail. See Exhibit 3.

       We hereby ask this Court to compel Plaintiff to respond or allow Defendant Parrizzi to file a motion.

Defendant Parrizzi has diligently complied with all discovery demands served by Plaintiff and co-defendants, and no objections have been raised as to the sufficiency of our responses.

Respectfully submitted,

Ioannis (John) P. Sipsas

Sipsas PC
31-16 30th Avenue, Suite 201
Astoria, New York 11102
718-777-0909

CC. All counsel of record via ECF and email
  Mr. Landry Belizaire , Esq.
  Mr.  Fasih Ud Din ,Esq.

# EXHIBIT 1

| **From:** | John Sipsas |
| **To:** | Landry Belizaire; Fasih Din |
| **Cc:** | Gina Maria Nikolaou; John Sipsas |
| **Subject:** | RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi"s Interrogatories upon co-defendants |
| **Date:** | Tuesday, July 1, 2025 11:02:00 AM |
| **Attachments:** | Interrogatories upon Co-defendants.pdf |

Fasih, good morning.

Please see attached Defendant's Parrizzi interrogatories upon your clients.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:51 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Discovery Demand upon Plaintiff KIM

Landry, Good morning.

Please see attached Parrizzi's Discovery Demand upon Plaintiff Kim.

Regards


John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Tuesday, July 1, 2025 9:08 AM
**To:** John Sipsas <john@sipsaslaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Thanks. When is our deadline for discovery requests?

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s). If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited. If you have received this communication in error, please contact the sender immediately.

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:05 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Landry, Good morning.
Please see attached Parrizzi's interrogatories upon Plaintiff Kim.
Regards
John P. Sipsas
Sipsas PC
31-16 30th Avenue, Suite 201
Astoria, New York 11102
718-777-0909
Mobile: 917-704-2637

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Friday, June 20, 2025 9:24 AM
**To:** Fasih Din <fasihlaw@gmail.com>; John Sipsas <john@sipsaslaw.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26

Initial Disclosure

Thanks.

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

<u>Confidentiality Notice:</u>

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

**From:** Fasih Din <<u>fasihlaw@gmail.com</u>>
**Sent:** Thursday, June 19, 2025 3:02 PM
**To:** John Sipsas <<u>john@sipsaslaw.com</u>>
**Cc:** Landry Belizaire <<u>lb@belizairelaw.com</u>>; Gina Maria Nikolaou <<u>gina@sipsaslaw.com</u>>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26 Initial Disclosure

Please see attached Defendants' Rule 26 Initial Disclosures.

Thank you.

On Fri, Jun 13, 2025 at 10:27 AM John Sipsas <<u>john@sipsaslaw.com</u>> wrote:

> Counselors,
> Pursuant to the discovery order , please find attached Parrizzi's Rule 26 Initial Disclosure.
> Regards
>
> John P. Sipsas
> Sipsas PC
> 31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas
**Sent:** Thursday, June 12, 2025 5:54 PM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
<fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Answer to THIRD
Amended Complaint

Counselors,

See attached Parrizzi's answer and cross claims . 1:23-cv-05445-FB-PK Kim v. NYC Green
Transportation Group LLC et al Answer to Amended Complaint
Best

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

--

Sincerely,

Fasih U. Din

Attorney-at-Law

Law Offices of Fasih U. Din

1623 3rd Ave, 25-F

New York, NY 10128

Ph:(646)413-0360

fdin@dinlawnyc.com

www.dinlawnyc.com

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying,  forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Sipsas PC
Ioannis (John) P. Sipsas
Maria Gina Nikolaou
31-16 30th Avenue, Suite 201
Astoria, New York 11102
Tel:(718) 777-0909
Email:john@sipsaslaw.com
gina@sipsaslaw.com

Counsel for Defendant Anthony G. Parrizzi

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.RUM KIM,<br><br>                      Plaintiff,<br><br><br>        – against –<br><br>NYC GREEN TRANSPORTATION GROUP LLC; NURIDE TRANSPORTATION GROUP LLC; ANTHONY G. PARRIZZI; and NADIM AHMED (a/k/a NADIM AHMED KHAN),<br><br><br>                 Defendants. | Civil case No.1:23-cv-05445-FB-PK |

**DEFENDANT ANTHONY G. PARRIZZI'S FIRST SET OF INTERROGATORIES TO CO-DEFENDANTS NYC GREEN TRANSPORTATION GROUP LLC, NURIDE TRANSPORTATION GROUP LLC, and NADIM AHMED**

   NOW COMES, Defendant, ANTHONY G. PARRIZZI, by and through undersigned counsel of record, and hereby serves upon You the following written Interrogatories, pursuant to the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure. You are required by the Rules to answer these Interrogatories separately and fully in writing under oath, and to the best of your knowledge, formed after a reasonable investigation, and to serve a copy of your answers on the undersigned within thirty (30) days after service after service hereof or on a date certain pursuant to Court's order.

   These Interrogatories shall be continuing in nature until the date of the trial of this matter, and

you are required, under Rule 26(e) of the Federal Rules of Civil Procedure, to serve supplemental answers as additional information may become available to you.

The following Definitions and Instructions shall apply to each Interrogatory, and You are required to consider these Definitions and Instructions as you respond to these Interrogatories:

## DEFINITIONS

The following words have the following meanings:

1. **"You," "Your," or "Co-Defendants"** shall mean and refer to the named Co-Defendants herein, NYC Green Transportation Group LLC, NuRide Transportation Group LLC, and Nadim Ahmed, and shall include any respective assignees, successors in interests, representatives, attorneys, agents, experts, investigators, directors, executives, employees, independent contractors and/or any other entity or person which has ever acted, or purported to act, on behalf thereof in any of the matters covered by these Interrogatories.
2. **"Defendant"** shall mean and refer to the named Defendant herein, NYC Green Transportation Group LLC, NuRide Transportation Group LLC, and Nadim Ahmed.
3. **"Identify", "Identification" or "Identity."** When used in reference to an individual person, shall mean to state his or her full name, present or last known address, and telephone number, present or last known position or business affiliation and position and business affiliation at all times during the period requested.
4. **"Identify", "Identification" or "Identity."** When used in reference to a document or record, shall mean to state the type of document (e.g., letter, memorandum, telegram, chart, dictate, punch card, computer tape, etc.), date of the document, author, addressee, title, location, file and identifying number and symbol, and the name, address and employer of its custodian. If any such document is no longer in your possession or subject to your control, state what disposition was made of the document and the date thereof.
5. **"Identify", "Identification" or "Identity."** When used in reference to statements, shall mean to state the identity of the person from whom the statement was taken, the identity of the person to whom the statement was made, the date or approximate date of the statement, whether the statement is written or recorded and by whom it was written or recorded, and the identity of the custodian and employer of the custodian of any written or recorded.
6. **"Document" or "Documents"** Shall and refer to any medium upon which information can be recorded or retrieved and is synonymous in meaning and equal scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, any electronically stored data or information. Drafts and non-identical duplicates, regardless of origin and location, constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

7. **"Communications."** Shall mean without limitations, any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, memos, notes, exchanges of written or recorded information, face-to-face meetings, emails, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or mode of conveying information, including but not limited to telephone, facsimile, computer, television, or telegraph.
8. **"Person."** The parties, and any and all individuals, present and former officers, directors, general partners, limited partners, agents, servants, employees, attorneys, representatives, experts, and consultants, however denominated. The word "person," as well as the pronoun "he" and the noun "individual," includes all humans, male or female, living or dead.
9. **"Entity."** Any artificial body or organization possessing some or all of the legal attributes of a natural person, including, without limitation, corporations, incorporated and unincorporated associations, general partnerships, limited partnerships, societies, boards, committees, agencies, commissions, joint ventures, governments, governmental subdivisions, artificial persons, quasi-public bodies, and groups and all other forms of organization or association.
10. **"Complaint."** Shall mean and refer to the Third Amended Complaint filed in this action.


## <u>INSTRUCTIONS</u>

1. **Answers to Interrogatories.** Each Interrogatory is to be answered separately and fully in writing under oath with a copy of the answers being served on counsel for Co-Defendants within the time set forth in Rule 33 of the Federal Rules of Civil Procedure.
2. **Source of Information Used to Respond to Interrogatories.** Each Interrogatory is to be answered on the basis of your entire knowledge, including information in the possession of your consultants, representatives, employees, agents, servants or counsel. You must make inquiry of such of your officers, employees, agents and servants and others, including experts, consultants, representatives, attorneys, subsidiaries and contractors and must refer to all documents, correspondence, memoranda and other papers in your possession, custody and control as would enable you to make full and true answers to these Interrogatories.
3. **Answers or Compliance.** If an Interrogatory is not answered or complied with in full, it should be answered or complied with to the fullest extent possible with specified reasons for the inability to answer or comply fully. Answers to Interrogatories should provide a particularized, itemized and fully detailed and specific statement of all relevant information. If reference is made in an answer or response to a document that is contended to contain responsive material, you are requested to describe the specific information by page, paragraph and line number. Reliance on general or summary claims, or restatements of contentions, will not be considered sufficient or responsive.
4. **Relating To or Related To; Concern and Concerning.** The terms, "relating to," "related to," "concern" and "concerning" are used in their broadest sense, and mean: of, about, concerning, detailing, disclosing, reporting, listing, explaining, compiling, noting, summarizing, exposing, regarding, respecting, involving, touching, implicating, bearing

upon, having to do with, associated with, connected with or to, apposite to, referring to, related to, relating to or pertaining in any way to.

5. **Description or Identification of Written Communications, Documents or Things.** When an Interrogatory asks you for a "description" or "identification" of a written communication, document or other thing, or asks you to "identify" or "describe" such written communication, document or thing, the answer must provide the below information with respect to each such written communication, document or thing:

(a) The date appearing on the written communication, document or thing, or, if the written communication, document or thing is undated, the answer must so state, and must give the date(s) or approximate date(s) it was prepared;

(b) The identifying or descriptive code number, file number, title or label of such written communication, document or thing;

(c) The general nature or description of such written communication, document or thing, including any particular express or implied provision;

(d) The name of the entity or person who signed such written communication, document or thing or, if unsigned, the answer must so state;

(e) The name of the entity or person who prepared such written communication, document or thing;

(f) The name of the entity or person who directed the preparation of the written communication, document or thing;

(g) The name of the addressee to whom such written communication, document or thing was directed and the name of each entity or person other than the addressee to whom the written communication, document or thing, or copy of such was given or sent;

(h) The identity of the entity or person having present possession, custody, or control of such written communication, document or thing;

(i) Whether any draft or copy of such written communication, document or thing contains any postscript, notation, change or addendum not appearing on the written communication, document or thing itself, and, if so, the complete description of each such draft or copy; and

(j) A summary of the contents of the written communication, document or thing adequately identifying the matters which it contains, and if the written communication, document or thing is no longer in your possession, custody or control, what disposition was made of the written communication, document or thing, the reason for such disposition, and the date of the disposition.

6. **Description or Identification of Oral Communication.** When an Interrogatory asks for the "description" or "identification" of an oral communication or asks you to "describe" or "identify" an oral communication, the answer must provide the below information with respect to that communication:

(a) The identity of the entities or person who participated;

(b) The date, time, place and method;

(c) The circumstances surrounding the communication, e.g., meeting, conversation;

(d) The identity of the speaker(s) and others who heard the communication;

(e) The content of the communication; and

(f) The identity and description of any document which is in any way related to the communication.

7. **Identification of Entity or Person.** When an Interrogatory asks for the name or identity of an entity or person, or asks you to identify an entity or person, the answer must state, in addition to the entity's or person' full name, its or his present address and telephone number(s), and as appropriate, residence address and telephone number, employer and position title with respect to any employment during the period covered by the Interrogatory, a description of employment duties and responsibilities, and the date(s) of commencement and termination of such employment.

8. **Identification of Evidence.** When an Interrogatory asks for the "description" or "identification" of evidence or asks you to "describe" or "identify" evidence, the answer must provide the below information with respect to such evidence:

(a) All evidentiary facts relating to the subject matter of the Interrogatory;
(b) For each such evidentiary fact, the name, address, and prior or current relationship to any of the parties of each entity or person known or believed to have any knowledge or information relating to such evidentiary facts;
(c) For each such entity or person known or believed to have knowledge or information relating to such evidentiary facts, the substance of the testimony such entity or person is expected to give with respect to such facts if called as a witness;
(d) For each such evidentiary fact, the identification of all documents, written communications and oral communications relating to such evidentiary fact; and
(e) All knowledge and information relating to the subject matter of the Interrogatory.

9. **Acts or Communications by Purportedly Unauthorized Persons.** If, in answer to an Interrogatory, you disclose or assert any act or communication by any entity or person purporting to act for you, which entity or person you contend was not authorized so to act, or is for any reason not binding on you, then the answer to the Interrogatory must disclose such a contention and the supporting facts.

10. **Claims of Privilege.** If an Interrogatory asks for an "identification" or "description" of a document, written communication or oral communication, and you contend that the document, written communication or oral communication is privileged, you are requested to so state in the answer, to state the ground for the claim or privilege, and to respond to the Interrogatory to the fullest extent possible without revealing the claimed privileged information.

11. **Claims of Burdensomeness.** If you do not answer an Interrogatory on the ground that it is burdensome, you are requested to state the reason for so claiming, including, as a minimum, the number and nature of documents and/or things which you must search, the location of the documents and/or things, and the estimated man-hour and other costs necessary for such a search. If you can supply a limited answer to the Interrogatory that avoids the claim of burdensomeness, you are requested to answer the Interrogatory to the fullest extent possible, and explain fully in your response why a more complete response would be burdensome.

12. **Attachment of Documents in Answer to Interrogatories.** You may attach a copy of any document instead of identifying or describing the document that is responsive to an Interrogatory. If you choose to so attach a copy, you still are requested to provide all requested information which the attached document does not contain. By attaching documents, you represent that all documents known to you, which relate to the

Interrogatories with respect to which you have attached documents, have been attached or have been otherwise identified and described in your answers to these Interrogatories.

13. **And, Or.** Use of the conjunctive (and), also shall be taken in the disjunctive (or), and vice versa.
14. **Any, All.** Use of the term "any" also shall mean "all" and vice versa.
15. **Each, Every.** Use of the term "each" also shall mean "every" and vice versa.
16. **Supplementation.** These Interrogatories are intended to and shall be deemed to be continuing in nature, so as to require you to supplement any answer with respect to which you discover or acquire new, additional, or different information.

## <u>INTERROGATORIES</u>

1. Identify all individuals who were officers, directors, managers, or had decision-making authority regarding the EB-5 investment program operated by NYC Green Transportation Group LLC and NuRide Transportation Group LLC from January 2017 to the present, including their titles, roles, responsibilities, and the specific time periods during which they held such positions.
2. Describe in detail the organizational structure, management hierarchy, and operational relationship between NYC Green Transportation Group LLC and NuRide Transportation Group LLC as it relates to the EB-5 investment program during the period from January 2017 to the present.
3. Identify all individuals who participated in recruiting, meeting with, or communicating with Plaintiff A. Rum Kim regarding her EB-5 investment, including the dates of such interactions and the specific role each individual played in the process.
4. Describe in detail all representations, promises, or guarantees made to EB-5 investors, including Plaintiff A. Rum Kim, regarding the return of investment funds in the event that an I-526 petition was denied by USCIS.
5. Identify all documents, agreements, marketing materials, or communications provided to Plaintiff A. Rum Kim or other EB-5 investors that described the terms, conditions, risks, or guarantees associated with the EB-5 investment program operated by NYC Green Transportation Group LLC and NuRide Transportation Group LLC.
6. Describe in detail the specific role, authority, responsibilities, and limitations that were assigned to or imposed upon Defendant Anthony G. Parrizzi with respect to the EB-5 investment program, including who determined these parameters and how they were communicated to Parrizzi.
7. Identify all compensation, benefits, or other consideration paid or promised to Defendant Anthony G. Parrizzi for his involvement with the EB-5 investment program, including the amounts, dates, and terms of such compensation.
8. Describe in detail all communications, agreements, or understandings between Defendant Nadim Ahmed and Defendant Anthony G. Parrizzi regarding Parrizzi's role,

responsibilities, authority, and involvement in the EB-5 investment program from January 2017 to the present.

9. Identify all individuals who had authority to make representations to potential EB-5 investors on behalf of NYC Green Transportation Group LLC and NuRide Transportation Group LLC, including the scope of their authority and any limitations thereon.

10. Describe in detail the process for handling, managing, and safeguarding EB-5 investment funds received from investors, including Plaintiff A. Rum Kim, identifying all individuals involved in this process and their specific responsibilities.

11. Identify all bank accounts, investment accounts, or other financial repositories where Plaintiff A. Rum Kim's $500,000 investment and $20,000 administrative fee were deposited, transferred, or maintained, including account numbers, financial institutions, account holders, and authorized signatories.

12. Describe in detail how Plaintiff A. Rum Kim's $500,000 investment and $20,000 administrative fee were used, allocated, or spent after receipt, including the dates, amounts, recipients, and purposes of all disbursements.

13. Identify all communications between any representative of NYC Green Transportation Group LLC, NuRide Transportation Group LLC, or Nadim Ahmed and Plaintiff A. Rum Kim regarding her I-526 petition, its denial, or any request for return of her investment funds.

14. Describe in detail any policies, procedures, or practices of NYC Green Transportation Group LLC and NuRide Transportation Group LLC regarding the return of EB-5 investment funds to investors whose I-526 petitions were denied by USCIS.

15. Identify all other EB-5 investors whose I-526 petitions were denied and describe what happened regarding the return of their investment funds, including whether funds were returned, the amount returned, and the timing of such returns.

16. Describe in detail any indemnification agreements, provisions, or understandings between or among the Defendants, including the terms, conditions, and scope of any such indemnification obligations.

17. Identify all communications between or among the Defendants regarding potential liability, indemnification, or allocation of responsibility related to the EB-5 investment program generally or specifically regarding Plaintiff A. Rum Kim's investment.

18. Describe in detail the factual basis for your denial that you owed any fiduciary duty to Defendant Anthony G. Parrizzi as alleged in his crossclaims.

19. Identify all individuals who participated in preparing, reviewing, or approving marketing materials, investment agreements, or other documents provided to EB-5 investors, including Plaintiff A. Rum Kim.

20. Describe in detail all steps taken by NYC Green Transportation Group LLC, NuRide Transportation Group LLC, or Nadim Ahmed to ensure that representations made to potential EB-5 investors, including Plaintiff A. Rum Kim, were accurate, complete, and not misleading.

21. Identify all legal counsel, consultants, or advisors who provided guidance, advice, or services to NYC Green Transportation Group LLC or NuRide Transportation Group LLC regarding the EB-5 investment program, including the nature of the guidance provided and the time periods during which such services were rendered.

22. Describe in detail all communications between or among the Defendants regarding Plaintiff A. Rum Kim's demand for return of her investment following the denial of her I-526 petition.
23. Identify all documents that define, describe, limit, or establish the relationship between Defendant Anthony G. Parrizzi and the co-Defendants, including any employment agreements, consulting agreements, partnership agreements, operating agreements, or other contractual arrangements.
24. Describe in detail all representations made by co-Defendants to Defendant Anthony G. Parrizzi regarding his role, authority, potential liability, or protection from liability in connection with the EB-5 investment program.
25. Identify all communications between or among the Defendants concerning this litigation, the crossclaims filed by Defendant Anthony G. Parrizzi, or any potential resolution of the claims and crossclaims asserted in this action.

July 1, 2025

SIPSAS PC

By: _____

Ioannis (John) P. Sipsas
31-16 30th Avenue, Suite 201
Astoria, NY 11102
718-777-0909
john@sipsaslaw.com
Counsel for Defendant Parrizzi

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on the 1st day of July, 2025, I served the foregoing DEFENDANT ANTHONY G. PARRIZZI's FIRST SET OF INTERROGATORIES TO CO-DEFENDANTS NYC GREEN TRANSPORTATION GROUP LLC, NURIDE TRANSPORTATION GROUP LLC, and NADIM AHMED upon all parties in the above-entitled action by email as follows:

*For Plaintiff:*
LANDRY BELIZAIRE
Belizaire & Associates P.A. 2 Broad Street, Suite 505
Bloomfield, New Jersey 07003
lb@belizairelaw.com

For D e f e n d a n t s   NYC   Green,  NuRide and Ahmed :
Fasih Ud Din
Law Office of Fasih U. Din
1623 3rd Ave
Ste 25f
New York, NY 10128
646-413-0360
fasihlaw@gmail.com

SIPSAS PC

By: _____

Ioannis (John) P. Sipsas
31-16 30th Avenue, Suite 201
Astoria, NY 11102
718-777-0909
john@sipsaslaw.com
Counsel for Defendant Parrizzi

| From: | John Sipsas |
| --- | --- |
| To: | Landry Belizaire; Fasih Din |
| Cc: | Gina Maria Nikolaou; John Sipsas |
| Subject: | RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi"s DISCOVERY DEMANDS upon co-defendants |
| Date: | Tuesday, July 1, 2025 11:30:00 AM |
| Attachments: | Discovery demands upon co-defendants.pdf |

Fasih, good morning.

Please see attached Defendant's Parrizzi Discovery Demands  upon your clients.

Regards


John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 11:02 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon co-defendants


Fasih, good morning.

Please see attached Defendant's Parrizzi interrogatories upon your clients.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:51 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Discovery Demand upon Plaintiff KIM

Landry, Good morning.

Please see attached Parrizzi's Discovery Demand upon Plaintiff Kim.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Tuesday, July 1, 2025 9:08 AM
**To:** John Sipsas <john@sipsaslaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Thanks. When is our deadline for discovery requests?

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.

2 Broad Street, Suite 505

Bloomfield, NJ 07003

Tel: 973.748.0808

Fax: 973.748.3949

Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s). If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited. If you have received this communication in error, please contact the sender immediately.

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:05 AM

**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Landry, Good morning.
Please see attached Parrizzi's interrogatories upon Plaintiff Kim.
Regards
John P. Sipsas
Sipsas PC
31-16 30th Avenue, Suite 201
Astoria, New York 11102
718-777-0909
Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Friday, June 20, 2025 9:24 AM
**To:** Fasih Din <fasihlaw@gmail.com>; John Sipsas <john@sipsaslaw.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26 Initial Disclosure

Thanks.

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

**From:** Fasih Din <fasihlaw@gmail.com>
**Sent:** Thursday, June 19, 2025 3:02 PM
**To:** John Sipsas <john@sipsaslaw.com>
**Cc:** Landry Belizaire <lb@belizairelaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26
Initial Disclosure

Please see attached Defendants' Rule 26 Initial Disclosures.

Thank you.

On Fri, Jun 13, 2025 at 10:27 AM John Sipsas <john@sipsaslaw.com> wrote:

> Counselors,
> Pursuant to the discovery order , please find attached Parrizzi's Rule 26 Initial Disclosure.
> Regards
>
> John P. Sipsas
> Sipsas PC
> 31-16 30th Avenue, Suite 201
> Astoria, New York 11102
> 718-777-0909
> Mobile: 917-704-2637
>
> **From:** John Sipsas
> **Sent:** Thursday, June 12, 2025 5:54 PM
> **To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
> <fasihlaw@gmail.com>
> **Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
> **Subject:** 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Answer to THIRD
> Amended Complaint
>
> Counselors,
> See attached Parrizzi's answer and cross claims . 1:23-cv-05445-FB-PK Kim v. NYC Green
> Transportation Group LLC et al Answer to Amended Complaint
> Best
>
> John P. Sipsas
> Sipsas PC
> 31-16 30th Avenue, Suite 201
> Astoria, New York 11102
> 718-777-0909

Mobile: 917-704-2637

--

Sincerely,

Fasih U. Din
Attorney-at-Law
Law Offices of Fasih U. Din
1623 3rd Ave, 25-F
New York, NY 10128
Ph:(646)413-0360
fdin@dinlawnyc.com
www.dinlawnyc.com

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying,  forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Sipsas PC
Ioannis (John) P. Sipsas
Maria Gina Nikolaou
31-16 30th Avenue, Suite 201
Astoria, New York 11102
Tel:(718) 777-0909
Email:john@sipsaslaw.com
gina@sipsaslaw.com

Counsel for Defendant Anthony G. Parrizzi

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.RUM KIM,<br><br>  Plaintiff,<br><br>  – against –<br><br>NYC GREEN TRANSPORTATION GROUP LLC; NURIDE TRANSPORTATION GROUP LLC; ANTHONY G. PARRIZZI; and NADIM AHMED (a/k/a NADIM AHMED KHAN),<br><br>  Defendants. | Civil case No.1:23-cv-05445-FB-PK |

**DEFENDANT ANTHONY G. PARRIZZI'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CO-DEFENDANTS NYC GREEN TRANSPORTATION GROUP LLC, NURIDE TRANSPORTATION GROUP LLC, and NADIM AHMED**

   NOW COMES, Defendant, ANTHONY G. PARRIZZI, by and through undersigned counsel of record, and hereby serves upon You the following Requests for Production, pursuant to the provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure.

   You are required by the Rules to timely provide written responses and objections to these Requests and to produce all designated Documents in Your possession, custody or control and

permit the Defendant, or someone acting on their behalf, to inspect and copy the Documents responsive to these Requests. You are requested to produce these Documents at the office of Sipsas PC 31-16 30th Avenue, Suite 201, Astoria, New York 11102 or email at john@sipsaslaw.com and gina@sipsaslaw.com

In lieu of the production required above, You may within thirty (30) days of the service of these Requests[1], append copies of the requested Documents to Your response to these Requests. If such a method is chosen, however, You should for each Document so produced, identify which numbered Request to which the Document is being supplied in response. If Co-Defendants seeks to make Documents available at its offices, or the office of its Counsel, rather than producing them as indicated above, then as to each production request, Co-Defendants should state the number of pages involved per that request.

The following Definitions and Instructions shall apply to each Request for Production of Documents, and You are required to consider these Definitions and Instructions as You respond to these Requests:

## <u>DEFINITIONS</u>

The following words have the following meanings:

1. **"You," "Your," or "Co-Defendants"** shall mean and refer to the named Co-Defendants herein, NYC GREEN TRANSPORTATION GROUP LLC, NURIDE TRANSPORTATION GROUP LLC, and NADIM AHMED, and shall include any respective assignees, successors in interests, representatives, attorneys, agents, experts, investigators, directors, executives, employees, independent contractors and/or any other entity or person which has ever acted, or purported to act, on behalf thereof in any of the matters covered by these Requests for Production of Documents.
2. **"Defendant"** shall mean and refer to the named Defendant herein, ANTHONY G. PARRIZZI.
3. **"Document" or "Documents"** shall mean any medium upon which information can be recorded or retrieved; and additionally shall synonymous in meaning and equal scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, the originals and each and every non-identical duplicate/copy, regardless of origin and location, which shall constitute separate Documents, any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, email, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in Your possession, custody, or control, or which was, but is no longer, in Your possession, custody, or control.

---

[1] Or as the court has ordered

Additionally, any attachments, exhibits, appendices, schedules, and enclosures to Documents are considered part of the same Document.

4. **"Thing"** shall mean and refer to any tangible object other than a document and includes objects of every kind and nature, including but not limited to prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

5. **"Person"** shall mean and refer to the parties, herein, and any and all individuals, present and former officers, directors, general partners, limited partners, agents, servants, employees, attorneys, representatives, experts, and consultants, however denominated. The word "person," as well as the pronoun "he" and the noun "individual," includes all humans, male or female, living or dead.

6. **"Entity"**: Any artificial body or organization possessing some or all of the legal attributes of a natural person, including, without limitation, corporations, incorporated and unincorporated associations, general partnerships, limited partnerships, societies, boards, committees, agencies, commissions, joint ventures, governments, governmental subdivisions, artificial persons, quasi-public bodies, and groups and all other forms of organization or association.

7. **"Complaint"** shall mean and refer to the Complaint, including any amendments thereto, filed in this action.

## INSTRUCTIONS

1. **Responses to Requests for Production of Documents and Documents Produced Pursuant thereto.** You are required to respond to each Request separately and fully in writing with a copy of Your responses being served on counsel for Defendant within the time set forth in Rule 34 of the Federal Rules of Civil Procedure. Further, You must Identify any Document responsive to any Request as being responsive to the specific Request at issue. If the same Document is responsive to more than one Request, Identify all requests to which it is responsive.

2. **Answers or Compliance.** If any Requests for Production of Documents cannot be answered or complied with in full, it should be answered or complied with to the fullest extent possible and should include the specified reasons for the inability to answer or comply fully. If information concerning any Requests for Production of Documents, or Documents responsive to a Requests for Production of Documents, will become available in the future, please state when such information and Documents will be available. If any Requests for Production of Documents calls for any information or the production of any Document not in Your possession or subject to Your control, or ascertainable by You upon reasonable inquiry, then when known, Identify the custodian or possessor of such information or Document. If You refuse to answer any Requests for Production of Documents in whole or in part, describe the factual or legal basis for Your refusal to answer, including any claim or privilege, in sufficient detail to permit the court to adjudicate the validity of Your refusal to answer.

3. **Relating To or Related To; Concern and Concerning.** The terms, "relating to," "related to," "concern" and "concerning" are used in their broadest sense, and mean: of, about, concerning, detailing, disclosing, reporting, listing, explaining, compiling, noting, summarizing, exposing, regarding, respecting, involving, touching, implicating, bearing

upon, having to do with, associated with, connected with or to, apposite to, referring to, related to, relating to or pertaining in any way to.

4. **Claims of Privilege.** If a Requests for Production of Documents is denied on the ground of privilege, including work product, please include the following in your written response to this Requests for Production of Documents:

(a) A description of the Document (i.e., "a two-page letter");
(b) The date the Document was prepared;
(c) The name of the person who prepared the Document;
(d) A general description of the subject matter of the Document;
(e) The name and address of each person to whom the Document is directed or addressed;
(f) The name and address of each person shown on the Document as having received a copy;
(g) The name and address of each person known or believed to have seen the Document or any copy or summary thereof;
(h) The purpose for which the Document was created or transmitted;
(i) The degree of confidentiality with which the Document was treated when it was created, transmitted and thereafter;
(j) The privilege You assert and any other facts You deem relevant to the privilege You assert.

5. **Claims of Burdensomeness.** If at any time you refuse to answer a Requests for Production of Documents, or to produce Documents, on grounds that the Requests for Production of Documents is burdensome, you are requested to state the reason the Request is considered burdensome, including the number and nature of Documents which must be searched, the location of the Documents, and the estimated man-hour and other costs necessary for such a search. If the Request can be complied with in a more limited fashion which avoids the claim of burdensomeness, please so indicate and so answer the Request, produce the Documents and explain in detail why answering the Request and producing the Documents pursuant to the Request in its present form are burdensome.

6. **And, Or.** Use of the conjunctive (and), also shall be taken in the disjunctive (or), and vice versa.

7. **Any, All.** Use of the term "any" also shall mean "all" and vice versa.

8. **Each, Every.** Use of the term "each" also shall mean "every" and vice versa.

9. If any Document relevant to any response to any Requests for Production of Documents has been in your possession or subject to your custody or control but is not at the present time or is known to you to have been in existence but is not at the present time, state what disposition was made of it or what became of it and when.

10. You are required to furnish all Documents in Your possession and all Documents available to You; not only such Documents as You know of Your own personal knowledge, but also Documents that are available to You, Your attorney, Your employees, officers and agents, by reason of inquiry, including inquiry of their representatives.

11. If You elect to produce business records in response to any Requests for Production of Documents, please produce the Documents as they are kept in the usual course of business or organize and label the Documents to correspond with the response to which they are produced. You are also requested to admit the genuineness of each such Document.

12. **Electronically Stored Information and Native Format.** Native format means the files as created and maintained by the applications associated with them. Emails should be produced as .eml or .msg files, Word documents as .doc or .docx files, etc. For all Documents, produce a txt file with the text extracted from the native files or created by Optical Character Recognition (OCR) of hard copies. Embedded Documents should also be produced separately. The methodology for calculating hash values on emails, if the hash values are not being calculated on the emails as separate .eml or .msg files, should also be specified. A Concordance load file for native files should include the following fields:

(a) Beginning Bates;
(b) Ending Bates
(c) Begin Attachment;
(d) End Attachment;
(e) Parent Bates;
(f) Attachment Bates;
(g) From;
(h) To;
(i) CC;
(j) BCC;
(k) Subject;
(l) Sent Date;
(m) Sent Time;
(n) File Name;
(o) Document Title;
(p) Author;
(q) File Ext.;
(r) File Size;
(s) Create Date;
(t) Create Time;
(u) Date last Modified;
(v) Time Last Modified;
(w) File path for e-documents which are not email attachments;
(x) Custodian for all Documents;
(y) MD5 (or SHA1) hash value for all Documents;
(z) For emails and attachments, the custodian's file folder;
(aa) For emails, any flags or other notations recorded by the native environment;
(bb) For emails, attachment count and attachment names;
(cc) Path to extracted text;
(dd) Path to native file in production;
(ee) For emails, MSGID;
(ff) Application associated with the Document;
(gg) Document type: e-Document, e-attachment, email or physical.
Additionally, for all native documents, we require a .txt file with the text extracted from the native files or created by OCR of hard copies. Embedded documents should also be produced separately. The methodology for calculating hash values on emails, if the hash values are not being calculated on the emails as separate .eml or .msg files, should also be specified.

13. **Supplementation.** These Requests for Production of Documents are intended to and shall be deemed to be continuing in nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, so as to require you to supplement any response, or Document production with respect to which you discover or acquire new, additional, or different information or Documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1: All documents concerning the formation, organization, and ownership structure of NYC GREEN TRANSPORTATION GROUP LLC and NURIDE TRANSPORTATION GROUP LLC, including but not limited to articles of organization, operating agreements, membership certificates, membership ledgers, and any amendments thereto from 2018 to present.

REQUEST NO. 2: All documents concerning the roles, responsibilities, authority, and scope of involvement of ANTHONY G. PARRIZZI in the operations, management, and decision-making of NYC GREEN TRANSPORTATION GROUP LLC and NURIDE TRANSPORTATION GROUP LLC from 2018 to present.

REQUEST NO. 3: All communications between or among NYC GREEN TRANSPORTATION GROUP LLC, NURIDE TRANSPORTATION GROUP LLC, and/or NADIM AHMED concerning ANTHONY G. PARRIZZI's position, authority, duties, compensation, or involvement in the EB-5 Program from 2018 to present.

REQUEST NO. 4: All documents concerning representations made to potential EB-5 investors, including Plaintiff A. RUM KIM, regarding the authority, role, or responsibilities of ANTHONY G. PARRIZZI in connection with the EB-5 investment program.

REQUEST NO. 5: All documents concerning any agreements, contracts, or understandings between ANTHONY G. PARRIZZI and any of the co-defendants regarding indemnification, hold harmless provisions, or allocation of liability related to the EB-5 Program.

REQUEST NO. 6: All documents concerning the preparation, review, approval, or distribution of any Private Placement Memorandum, Subscription Agreement, or other offering materials provided to Plaintiff or other EB-5 investors.

REQUEST NO. 7: All communications between or among the co-defendants concerning potential or actual denials of I-526 petitions by USCIS, including any discussions about refunds or other remedies for investors.

REQUEST NO. 8: All documents concerning any representations, promises, or guarantees made to EB-5 investors, including Plaintiff, regarding refunds in the event of I-526 petition denials.

REQUEST NO. 9: All documents concerning the receipt, handling, management, allocation, or expenditure of Plaintiff's $500,000 investment and $20,000 administrative fee.

REQUEST NO. 10: All communications with USCIS or any other government agency concerning the EB-5 Program, regional center designation, project approval, or compliance with EB-5 requirements.

REQUEST NO. 11: All documents concerning any board meetings, member meetings, or management meetings of NYC GREEN TRANSPORTATION GROUP LLC and NURIDE TRANSPORTATION GROUP LLC at which the EB-5 Program, Plaintiff's investment, or ANTHONY G. PARRIZZI's role was discussed.

REQUEST NO. 12: All documents concerning any fiduciary duties owed by co-defendants to ANTHONY G. PARRIZZI, or by ANTHONY G. PARRIZZI to co-defendants.

REQUEST NO. 13: All documents concerning any actual or potential conflicts of interest among the defendants related to the EB-5 Program or Plaintiff's investment.

REQUEST NO. 14: All documents concerning any compensation, payments, reimbursements, or other financial benefits provided to ANTHONY G. PARRIZZI by any co-defendant in connection with the EB-5 Program.

REQUEST NO. 15: All documents concerning any training, guidance, instructions, or limitations provided to ANTHONY G. PARRIZZI regarding his interactions with potential or actual EB-5 investors.

REQUEST NO. 16: All documents concerning any authority granted to ANTHONY G. PARRIZZI to make representations, promises, or guarantees to potential or actual EB-5 investors.

REQUEST NO. 17: All documents concerning any complaints, disputes, or legal proceedings involving any of the defendants related to the EB-5 Program, other than the present litigation.

REQUEST NO. 18: All communications between or among the co-defendants concerning this litigation, ANTHONY G. PARRIZZI's crossclaims, or potential liability arising from Plaintiff's claims.

REQUEST NO. 19: All documents concerning any insurance policies that may provide coverage for the claims asserted by Plaintiff or the crossclaims asserted by ANTHONY G. PARRIZZI.

REQUEST NO. 20: All documents concerning any statements, admissions, or representations made by any co-defendant regarding ANTHONY G. PARRIZZI's role as a "face" without authority or control in EB-5 activities.

REQUEST NO. 21: All documents concerning any agreements or understandings among the defendants regarding the marketing, promotion, or operation of the EB-5 investment program.

REQUEST NO. 22: All documents concerning the denial of Plaintiff's I-526 petition, including

any communications with Plaintiff, USCIS, or among the defendants regarding the denial.

REQUEST NO. 23: All documents concerning any efforts to secure a refund for Plaintiff following the denial of her I-526 petition.

REQUEST NO. 24: All documents concerning the financial condition, assets, liabilities, and capitalization of NYC GREEN TRANSPORTATION GROUP LLC and NURIDE TRANSPORTATION GROUP LLC from 2018 to present.

REQUEST NO. 25: All documents concerning NADIM AHMED's role, authority, and responsibilities in NYC GREEN TRANSPORTATION GROUP LLC and NURIDE TRANSPORTATION GROUP LLC from 2018 to present.

REQUEST NO. 26: All documents concerning any representations made by co-defendants to ANTHONY G. PARRIZZI regarding the EB-5 Program, its compliance with applicable laws and regulations, or the status of the regional center designation.

REQUEST NO. 27: All documents concerning any due diligence performed by any defendant regarding the EB-5 Program, regional center requirements, or project eligibility.

REQUEST NO. 28: All documents concerning any legal advice sought or received by any defendant regarding the EB-5 Program, offering materials, or compliance with securities laws.

REQUEST NO. 29: All documents concerning any agreements or understandings among the defendants regarding the allocation of responsibilities for ensuring compliance with EB-5 Program requirements and securities laws.

REQUEST NO. 30: All documents identified in your initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

July 1, 2025

SIPSAS PC

By: _____

Ioannis (John) P. Sipsas
31-16 30th Avenue, Suite 201
Astoria, NY 11102
718-777-0909
john@sipsaslaw.com
Counsel for Defendant Parrizzi

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 1st day of July, 2025, I served the foregoing DEFENDANT ANTHONY G. PARRIZZI's FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CO-DEFENDANTS NYC GREEN TRANSPORTATION GROUP LLC, NURIDE TRANSPORTATION GROUP LLC, and NADIM AHMED upon all parties in the above-entitled action by email as follows:

*For Plaintiff:*
LANDRY BELIZAIRE
Belizaire & Associates P.A. 2 Broad Street, Suite 505
Bloomfield, New Jersey 07003
lb@belizairelaw.com

For Defendants NYC Green, NuRide and Ahmed :
Fasih Ud Din
Law Office of Fasih U. Din
1623 3rd Ave
Ste 25f
New York, NY 10128
646-413-0360
fasihlaw@gmail.com

SIPSAS PC

By: _____

Ioannis (John) P. Sipsas
31-16 30th Avenue, Suite 201
Astoria, NY 11102
718-777-0909
john@sipsaslaw.com
Counsel for Defendant Parrizzi

# EXHIBIT 2

| From: | Fasih Din |
| --- | --- |
| To: | John Sipsas |
| Cc: | Landry Belizaire; Gina Maria Nikolaou |
| Subject: | Re: FW: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi"s DISCOVERY DEMANDS upon co-defendants |
| Date: | Monday, August 11, 2025 3:20:56 PM |
| Attachments: | Certification for interrogatories for respponse to Parrizzi.pdf |
| | Defendants" responses to Parrizzi"s interrogatories - signed 12.pdf |
| | Defendants" response to parrizzi"s document requests-signed.pdf |

Dear Mr. Sipsas,

Thank you for your email of August 8, 2025, and for your patience for allowing Defendants to respond today.

Please find attached Defendants NYC Green Transportation Group LLC, NuRide Transportation Group LLC, and Nadim Ahmed's written responses and objections to:

1. Defendant Anthony G. Parrizzi's First Set of Interrogatories to Co-Defendants; and

2. Defendant Anthony G. Parrizzi's First Set of Requests for Production of Documents to Co-Defendants.

In connection with these responses, Defendants will provide a secure link containing non-privileged documents responsive to the Requests for Production, located after a reasonable search right away. It is being processed as I write this email, and will be shared very soon. Some of these documents have previously been produced to Plaintiff on August 6, 2025, with your office copied by email.

Defendants reserve the right to supplement their responses and document production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

Please let me know if you have any questions. And once again, thank you for your patience.

Thank you.

Regards,

Fasih

On Thu, Aug 7, 2025 at 10:45 PM John Sipsas <john@sipsaslaw.com> wrote:

Fasih, good evening.

Our office represents Defendant Parrizzi .

We served upon you on July 1, 2025 , Defendant's Parrizzi **Discovery demands** (see attached hereto).

Pursuant to the Court order ,your responses were due on August 6, 2025.


You failed to respond.


Please take notice unless we receive your responses by August 11, 2025, before or at 2:00 PM , we will commence a motion seeking the appropriate relief under FRCP R37(a).

Our office is available to confer this matter on August 11 at 1:00 PM or on August 12 anytime from 10:00AM to 3:30PM. Please call me at 917-704-2637 to confer.

Regards


Regards




John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas
**Sent:** Tuesday, July 1, 2025 11:31 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's

DISCOVERY DEMANDS upon co-defendants

Fasih, good morning.

Please see attached Defendant's Parrizzi Discovery Demands  upon your clients.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 11:02 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon co-defendants

Fasih, good morning.

Please see attached Defendant's Parrizzi interrogatories upon your clients.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:51 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Discovery Demand upon Plaintiff KIM

Landry, Good morning.

Please see attached Parrizzi's Discovery Demand upon Plaintiff Kim.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Tuesday, July 1, 2025 9:08 AM
**To:** John Sipsas <john@sipsaslaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Thanks. When is our deadline for discovery requests?

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.

2 Broad Street, Suite 505

Bloomfield, NJ 07003

Tel: 973.748.0808

Fax: 973.748.3949

Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:05 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Landry, Good morning.

Please see attached Parrizzi's interrogatories upon Plaintiff Kim.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Friday, June 20, 2025 9:24 AM
**To:** Fasih Din <fasihlaw@gmail.com>; John Sipsas <john@sipsaslaw.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26 Initial Disclosure

Thanks.

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.

2 Broad Street, Suite 505

Bloomfield, NJ 07003

Tel: 973.748.0808

Fax: 973.748.3949

Cell: 973.634.3672

<u>Confidentiality Notice:</u>

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s). If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited. If you have received this communication in error, please contact the sender immediately.

**From:** Fasih Din <fasihlaw@gmail.com>
**Sent:** Thursday, June 19, 2025 3:02 PM
**To:** John Sipsas <john@sipsaslaw.com>
**Cc:** Landry Belizaire <lb@belizairelaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26 Initial Disclosure

Please see attached Defendants' Rule 26 Initial Disclosures.

Thank you.

On Fri, Jun 13, 2025 at 10:27 AM John Sipsas <john@sipsaslaw.com> wrote:

> Counselors,
>
> Pursuant to the discovery order , please find attached Parrizzi's Rule 26 Initial Disclosure.
>
> Regards
>
> John P. Sipsas
>
> Sipsas PC
>
> 31-16 30th Avenue, Suite 201
>
> Astoria, New York 11102
>
> 718-777-0909
>
> Mobile: 917-704-2637

**From:** John Sipsas
**Sent:** Thursday, June 12, 2025 5:54 PM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>

<fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Answer to THIRD Amended Complaint

Counselors,

See attached Parrizzi's answer and cross claims . 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Answer to Amended Complaint

Best

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

--

Sincerely,

Fasih U. Din
Attorney-at-Law

Law Offices of Fasih U. Din
1623 3rd Ave, 25-F

New York, NY 10128
Ph:(646)413-0360

fdin@dinlawnyc.com

www.dinlawnyc.com

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying,  forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

--

Sincerely,

Fasih U. Din
Attorney-at-Law
Law Offices of Fasih U. Din
1623 3rd Ave, 25-F
New York, NY 10128
Ph:(646)413-0360
fdin@dinlawnyc.com
www.dinlawnyc.com

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying,  forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Mr. Sipsas:

Please see the secure link below in connection with Defendnats' responses to your interrogatories and discovery requests. Please let me know if you have any questions.

Thank you for your patience.

Best.

Fasih

The download link: https://goldfynch.com/s/production-invite/GDSPACAV4P2lrhxj6YrjYqLV1SMZDZGf?u=RdAsbxlwbqM6Le0VWO1_6d55hu7bnLkHfWOXua3cWbTTgSErTxmYSpUScwJ7FlEhdcKhkFpz7Nnt377VOxWVXJJ57l74iwVZkRuA5zhcQP6t27y1J-eOMa8u2anuEY7piF4n7_deWf0mTzF14xga1zT_SFmHqxQUXEKSCa-r&v=AaY6usGqoSS9rX1arBG13Q&x=ulQmR-cHlXFXfK2F

The pass phrase is: Legacy6-Tannery-Paper

On Mon, Aug 11, 2025 at 3:20 PM Fasih Din <fasihlaw@gmail.com> wrote:

> Dear Mr. Sipsas,
>
> Thank you for your email of August 8, 2025, and for your patience for allowing Defendants to respond today.
>
> Please find attached Defendants NYC Green Transportation Group LLC, NuRide Transportation Group LLC, and Nadim Ahmed's written responses and objections to:
>
> 1. Defendant Anthony G. Parrizzi's First Set of Interrogatories to Co-Defendants; and
>
> 2. Defendant Anthony G. Parrizzi's First Set of Requests for Production of Documents to Co-Defendants.
>
> In connection with these responses, Defendants will provide a secure link containing non-privileged documents responsive to the Requests for Production, located after a reasonable search right away. It is being processed as I write this email, and will be shared very soon. Some of these documents have previously been produced to Plaintiff on August 6, 2025, with your office copied by email.
>
> Defendants reserve the right to supplement their responses and document production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.
>
> Please let me know if you have any questions. And once again, thank you for your patience.
>
> Thank you.
>
> Regards,
>
> Fasih
>
> On Thu, Aug 7, 2025 at 10:45 PM John Sipsas <john@sipsaslaw.com> wrote:
>
>> Fasih, good evening.
>>
>> Our office represents Defendant Parrizzi .
>>
>> We served upon you on July 1, 2025 , Defendant's Parrizzi **Discovery demands** (see attached hereto).
>>
>> Pursuant to the Court order ,your responses were due on August 6, 2025.
>>
>> You failed to respond.
>>
>> Please take notice unless we receive your responses by August 11, 2025, before or at 2:00 PM , we will commence a motion seeking the appropriate relief under FRCP R37(a).

Our office is available to confer this matter on August 11 at 1:00 PM or on August 12 anytime from 10:00AM to 3:30PM. Please call me at 917-704-2637 to confer.

Regards


Regards




John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas
**Sent:** Tuesday, July 1, 2025 11:31 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's DISCOVERY DEMANDS upon co-defendants


Fasih, good morning.

Please see attached Defendant's Parrizzi Discovery Demands  upon your clients.

Regards




John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 11:02 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon co-defendants


Fasih, good morning.

Please see attached Defendant's Parrizzi interrogatories upon your clients.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:51 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Discovery Demand upon Plaintiff KIM

Landry, Good morning.

Please see attached Parrizzi's Discovery Demand upon Plaintiff Kim.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Tuesday, July 1, 2025 9:08 AM
**To:** John Sipsas <john@sipsaslaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Thanks. When is our deadline for discovery requests?

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.

2 Broad Street, Suite 505

Bloomfield, NJ 07003

Tel: 973.748.0808

Fax: 973.748.3949

Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:05 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Landry, Good morning.

Please see attached Parrizzi's interrogatories upon Plaintiff Kim.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Friday, June 20, 2025 9:24 AM
**To:** Fasih Din <fasihlaw@gmail.com>; John Sipsas <john@sipsaslaw.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26 Initial Disclosure

Thanks.

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.

2 Broad Street, Suite 505

Bloomfield, NJ 07003

Tel: 973.748.0808

Fax: 973.748.3949

Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

**From:** Fasih Din <fasihlaw@gmail.com>
**Sent:** Thursday, June 19, 2025 3:02 PM
**To:** John Sipsas <john@sipsaslaw.com>
**Cc:** Landry Belizaire <lb@belizairelaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com>

**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26 Initial Disclosure

Please see attached Defendants' Rule 26 Initial Disclosures.

Thank you.

On Fri, Jun 13, 2025 at 10:27 AM John Sipsas <john@sipsaslaw.com> wrote:

> Counselors,
>
> Pursuant to the discovery order , please find attached Parrizzi's Rule 26 Initial Disclosure.
>
> Regards
>
>
> John P. Sipsas
>
> Sipsas PC
>
> 31-16 30th Avenue, Suite 201
>
> Astoria, New York 11102
>
> 718-777-0909
>
> Mobile: 917-704-2637

---

**From:** John Sipsas
**Sent:** Thursday, June 12, 2025 5:54 PM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Answer to THIRD Amended Complaint

Counselors,

See attached Parrizzi's answer and cross claims . 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Answer to Amended Complaint

Best

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

--

Sincerely,

Fasih U. Din
Attorney-at-Law

Law Offices of Fasih U. Din

1623 3rd Ave, 25-F

New York, NY 10128
Ph:(646)413-0360

fdin@dinlawnyc.com

www.dinlawnyc.com

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

--

Sincerely,

Fasih U. Din
Attorney-at-Law
Law Offices of Fasih U. Din
1623 3rd Ave, 25-F
New York, NY 10128
Ph:(646)413-0360
fdin@dinlawnyc.com
www.dinlawnyc.com

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

--

Sincerely,

Fasih U. Din
Attorney-at-Law
Law Offices of Fasih U. Din
1623 3rd Ave, 25-F
New York, NY 10128
Ph:(646)413-0360
fdin@dinlawnyc.com
www.dinlawnyc.com

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

# CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT

I certify under penalty of perjury that the foregoing <u>Answers to Interrogatories</u> provided by "NuRide Transportation Group LLC, NYC GREEN TRANSPORTATION GROUP LLC AND NADIM AHMED" are true, complete, and accurate. I am aware that, if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I further certify that, at this time, no expert reports or summaries have been annexed. If any such reports become known or available, they shall be served promptly, but in no case later than the time prescribed by the applicable Rules or Scheduling Order.

FOR AND ON BEHALF OF

NURIDE TRANSPORTATION GROUP LLC

Sign: _____

Print: _NADIM AHMED_____

Title: _EXE. CHAIRMAN_____

NYC GREEN TRANSPORTATION GROUP LLC

Sign: _____

Print: NADIM AHMED

Title: Exe. CHAIRMAN

NADIM AHMED

Sign:

Print: NADIM AHMED

Title: Exe. CHAIRMAN

Dated: 68/11/2025

Fasih Din, Esquire
Law Office of Fasih U. Din
1623 3rd Avenue, 25-F
New York, NY 10128
fasihlaw@gmail.com
(646)413-0360

ATTORNEY FOR DDEFENDANTS
NURIDE TRANSPORTATION GROUP LLC
NYC GREEN TRANSPORTATION GROUP LLC
NADIM AHMED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| A. RUM KIM, | Civil Case No. 1:23-cv-05445-FB-PK |
| Plaintiff, | Hon. Frederick Block, U.S.D.J |
| v. | Hon. Peggy Kuo, U.S.M.J. |
| NYC GREEN TRANSPORTATION GROUP LLC; NURIDE TRANSPORTATION GROUP LLC; ANTHONY G. PARRIZZI; and NADIM AHMED, | <u>DEFENDANTS NURIDE TRANSPORTATION GROUP LLC NYC GREEN TRANSPORTATION GROUP LLC AND NADIM AHMED'S RESPONSES TO CROSS COMPLAINANT PARRIZZI'S DOCUMENT REQUESTS</u> |
| Defendants. | |

**TO:** JOHN SIPSAS, ESQ.
Sipsas PC 31-16 30th Avenue, Suite 201,
Astoria, New York 11102
email at john@sipsaslaw.com and gina@sipsaslaw.com
*(Served Via Email on 08/11/2025)*


      PLEASE TAKE NOTICE that Defendants, NuRide Transportation Group LLC, NYC

Green LLC, and Nadim Ahmed (hereinafter "Defendants"), respond to the following Document

Requests in accordance with Rule 34 and the applicable Scheduling Order.

Law Offices of Fasih U. Din
Attorney for Defendants,

NURIDE TRANSPORTATION GROUP LLC
NYC GREEN TRANSPORTATION GROUP LLC
NADIM AHMED

*Fasih Din*

_____

Dated: AUGUST 11, 2025

## DEFENDANTS' GENERAL OBJECTIONS TO CROSS-COMPLAINANT'S REQUESTS FOR PRODUCTION

Defendants NYC Green Transportation Group LLC, NuRide Transportation Group LLC, and Nadim Ahmed (collectively, "Defendants"), by their undersigned counsel, respond to Defendant Anthony G. Parrizzi's Requests for Production of Documents ("Requests"), subject to and without waiving the following General Objections, which are incorporated into each individual response as if fully set forth therein:

1. Privilege and Protections – Defendants object to each Request to the extent it seeks information protected by the attorney–client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Any inadvertent disclosure of privileged information shall not constitute a waiver of such privilege.

2. Exceeding Scope of Rule 34 – Defendants object to the Instructions and Definitions to the extent they impose obligations beyond those required by Rule 34 of the Federal Rules of Civil Procedure, including the highly technical ESI production specifications, absent agreement of the parties or order of the Court.

3. Overbreadth, Undue Burden, and Lack of Proportionality – Defendants object to the Requests to the extent they are overbroad, unduly burdensome, vague, ambiguous, seek irrelevant information, are not proportional to the needs of the case, or are duplicative of discovery already served by Plaintiff.

4. Duplicative and Harassing – Defendants object on the ground that many Requests substantially duplicate Plaintiff's document demands, to which Defendants responded by producing responsive non-privileged documents on **August 6, 2025**, served on Plaintiff and with Cross-Complainant's counsel copied by email. To the extent these Requests seek those same materials, they are duplicative and impose unnecessary burden.

5. Senior Management Knowledge – Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had

personal knowledge of and/or direct access to much of the information and documentation sought during the relevant period.

6. Time Frame– Defendants object to the Requests to the extent they are not reasonably limited in time and scope, and to the extent they seek documents prior to January 1, 2017 or after the present date, absent a showing of relevance.

7. Possession, Custody, or Control – Defendants will search for and produce only those non-privileged documents within their possession, custody, or control, after a reasonable search. Defendants object to any demand that they obtain documents from third parties, including governmental agencies, financial institutions, or former employees, not presently under their control.

8. Form of Production – Defendants will produce documents as they are kept in the usual course of business or will organize and label them to correspond with the categories in the Requests, in a reasonably usable form, consistent with Rule 34(b)(2)(E).

9. No Waiver – Subject to and without waiving these objections, Defendants will respond in good faith to each Request, based on a reasonable inquiry and the information presently known or reasonably available, and reserve the right to supplement or amend their responses as appropriate under Rule 26(e).


## DEFENDANTS'S RESPONSES TO PARRIZI'S DOCUMENT REQUESTS

**Request No. 1:**

All documents concerning the formation, organization, and ownership structure of NYC Green Transportation Group LLC and NuRide Transportation Group LLC, including but not limited to articles of organization, operating agreements, membership certificates, membership ledgers, and any amendments thereto from 2018 to present.

**Response:**

Defendants object to this Request as overbroad to the extent it seeks "all documents" without limitation to matters relevant to the claims or defenses in this action. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to many of these documents during the relevant period.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, including corporate formation and ownership records for the relevant entities.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 2:**

All documents concerning the roles, responsibilities, authority, and scope of involvement of Anthony G. Parrizzi in the operations, management, and decision-making of NYC Green Transportation Group LLC and NuRide Transportation Group LLC from 2018 to present.

**Response:**

Defendants object to this Request as overbroad and unduly burdensome, and further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies and as the subject of this request, had personal knowledge of and/or access to much of the information sought during the relevant period.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning the scope of Defendant Parrizzi's role, responsibilities, and authority during the relevant period.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 3:**

All communications between or among NYC Green Transportation Group LLC, NuRide Transportation Group LLC, and/or Nadim Ahmed concerning Anthony G. Parrizzi's position, authority, duties, compensation, or involvement in the EB-5 Program from 2018 to present.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and potentially seeking documents protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, was a party to or had access to many of the communications sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged communications in their possession, custody, or control, after a reasonable search, concerning Defendant Parrizzi's position, authority, duties, compensation, or involvement in the EB-5 Program.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 4:**

All documents concerning representations made to potential EB-5 investors, including Plaintiff A. Rum Kim, regarding the authority, role, or responsibilities of Anthony G. Parrizzi in connection with the EB-5 investment program.

**Response:**

Defendants object to this Request as overbroad, vague, and unduly burdensome, and to the extent it seeks information already in Cross-Complainant's possession or knowledge by virtue of his prior role as part of the senior management of the companies.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any representations made to EB-5 investors regarding Defendant Parrizzi's authority, role, or responsibilities.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 5:**

All documents concerning any agreements, contracts, or understandings between Anthony G. Parrizzi and any of the co-defendants regarding indemnification, hold harmless provisions, or allocation of liability related to the EB-5 Program.

**Response:**

Defendants object to this Request as overbroad and unduly burdensome, and to the extent it seeks documents protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of the information sought during the relevant period.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged agreements or understandings, if any exist, in their possession, custody, or control, after a reasonable search, concerning indemnification, hold harmless, or allocation of liability related to the EB-5 Program.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 6:**

All documents concerning the preparation, review, approval, or distribution of any Private Placement Memorandum, Subscription Agreement, or other offering materials provided to Plaintiff or other EB-5 investors.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and to the extent it seeks "all documents" without reasonable limitation, including documents already in Cross-Complainant's possession or knowledge by virtue of his prior role as part of the senior management of the companies.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning the preparation, review, approval, or distribution of offering materials provided to Plaintiff or other EB-5 investors.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 7:**

All communications between or among the co-defendants concerning potential or actual denials of I-526 petitions by USCIS, including any discussions about refunds or other remedies for investors.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and to the extent it seeks

documents protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, was a party to or had access to many of the communications sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged communications in their possession, custody, or control, after a reasonable search, concerning I-526 petition denials and related refund or remedy discussions.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.


**Request No. 8:**

All documents concerning any representations, promises, or guarantees made to EB-5 investors, including Plaintiff, regarding refunds in the event of I-526 petition denials.

**Response:**

Defendants object to this Request as vague, overbroad, and unduly burdensome, and to the extent the term "guarantees" mischaracterizes communications or calls for a legal conclusion. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to many of the documents sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any representations, promises, or guarantees regarding refunds in the event of I-526 petition denials.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 9:**

All documents concerning the receipt, handling, management, allocation, or expenditure of Plaintiff's $500,000 investment and $20,000 administrative fee.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and as seeking confidential financial information not proportional to the needs of the case, except to the extent directly relevant to the claims or defenses. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to many of these records.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged financial records in their possession, custody, or control, after a reasonable search, concerning the receipt, handling, allocation, or expenditure of Plaintiff's investment and administrative fee.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 10:**

All communications with USCIS or any other government agency concerning the EB-5 Program, regional center designation, project approval, or compliance with EB-5 requirements.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and as seeking documents that may contain confidential business or investor information, and to the extent it seeks documents not proportional to the needs of the case. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to many of the documents sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged communications in their possession, custody, or control, after a reasonable search, with USCIS or other government agencies concerning the EB-5 Program, regional center designation, project approval, or compliance with EB-5 requirements.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 11:**

All documents concerning any board meetings, member meetings, or management meetings of NYC Green Transportation Group LLC and NuRide Transportation Group LLC at which the EB-5 Program, Plaintiff's investment, or Anthony G. Parrizzi's role was discussed.

**Response:**

Defendants object to this Request as overbroad and unduly burdensome, and to the extent it seeks "all documents" without reasonable limitation as to subject matter, time, or scope. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, attended or had access to many such meetings and related materials during the relevant period.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged meeting minutes, agendas, or notes in their possession, custody, or control, after a reasonable search, to the extent they reflect discussion of the EB-5 Program, Plaintiff's investment, or Defendant Parrizzi's role.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 12:**

All documents concerning any fiduciary duties owed by co-defendants to Anthony G. Parrizzi, or by Anthony G. Parrizzi to co-defendants.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and as seeking documents that call for legal conclusions or opinions. Defendants further object on the ground that Cross-

Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of the information sought during the relevant period.

Subject to and without waiving these objections, Defendants will produce any non-privileged, responsive documents in their possession, custody, or control, after a reasonable search, that concern alleged fiduciary duties between Defendant Parrizzi and co-defendants.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 13:**
All documents concerning any actual or potential conflicts of interest among the defendants related to the EB-5 Program or Plaintiff's investment.

**Response:**
Defendants object to this Request as overbroad, vague, and unduly burdensome, and as seeking documents that may be protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of the information sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning actual or potential conflicts of interest related to the EB-5 Program or Plaintiff's investment.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 14:**

All documents concerning any compensation, payments, reimbursements, or other financial benefits provided to Anthony G. Parrizzi by any co-defendant in connection with the EB-5 Program.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and as seeking private or confidential financial information beyond what is relevant to the claims or defenses in this action. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of this information.

Subject to and without waiving these objections, Defendants will produce any responsive, non-privileged financial records in their possession, custody, or control, after a reasonable search, that reflect compensation, payments, reimbursements, or other financial benefits provided to Defendant Parrizzi in connection with the EB-5 Program.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 15:**

All documents concerning any training, guidance, instructions, or limitations provided to Anthony G. Parrizzi regarding his interactions with potential or actual EB-5 investors.

**Response:**

Defendants object to this Request as overbroad, vague, and unduly burdensome, and to the extent it seeks information already known to Cross-Complainant by virtue of his prior role as part of the senior management of the companies.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any training, guidance, instructions, or limitations provided to Defendant Parrizzi regarding interactions with potential or actual EB-5 investors.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 15:**

All documents concerning any training, guidance, instructions, or limitations provided to Anthony G. Parrizzi regarding his interactions with potential or actual EB-5 investors.

**Response:**

Defendants object to this Request as overbroad, vague, and unduly burdensome, and to the extent it seeks information already known to Cross-Complainant by virtue of his prior role as part of the senior management of the companies.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any training, guidance, instructions, or limitations provided to Defendant Parrizzi regarding interactions with potential or actual EB-5 investors.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 16:**

All documents concerning any authority granted to Anthony G. Parrizzi to make representations, promises, or guarantees to potential or actual EB-5 investors.

**Response:**

Defendants object to this Request as overbroad, vague, and unduly burdensome, and to the extent the term "guarantees" mischaracterizes communications or calls for a legal conclusion. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of the information sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any authority granted to Defendant Parrizzi to make representations, promises, or guarantees to EB-5 investors.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 17:**

All documents concerning any complaints, disputes, or legal proceedings involving any of the defendants related to the EB-5 Program, other than the present litigation.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, vague, and as seeking confidential or sensitive information regarding unrelated matters, and to the extent it seeks documents protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of the information sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any complaints, disputes, or legal proceedings involving the defendants related to the EB-5 Program, other than the present litigation.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 18:**

All communications between or among the co-defendants concerning this litigation, Anthony G. Parrizzi's crossclaims, or potential liability arising from Plaintiff's claims.

**Response:**

Defendants object to this Request as vague, overbroad, and as seeking documents protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to many of the communications sought. Subject to and without waiving these objections, Defendants will produce responsive, non-privileged communications in their possession, custody, or control, after a reasonable search, concerning this litigation, Defendant Parrizzi's crossclaims, or potential liability arising from Plaintiff's claims.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 19:**

All documents concerning any insurance policies that may provide coverage for the claims asserted by Plaintiff or the crossclaims asserted by Anthony G. Parrizzi.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and as seeking documents that may contain confidential business information. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to certain insurance information during the relevant period.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged insurance policy documents in their possession, custody, or control, after a reasonable search, that may provide coverage for the claims asserted in this action.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided

concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 20:**

All documents concerning any statements, admissions, or representations made by any co-defendant regarding Anthony G. Parrizzi's role as a "face" without authority or control in EB-5 activities.

**Response:**

Defendants object to this Request as vague, overbroad, and unduly burdensome, and to the extent it mischaracterizes the role or authority of Defendant Parrizzi. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of the information sought. Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any statements, admissions, or representations made regarding Defendant Parrizzi's role as alleged.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 21:**

All documents concerning any agreements or understandings among the defendants regarding the marketing, promotion, or operation of the EB-5 investment program.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and vague, and to the extent it seeks documents already in Cross-Complainant's possession or knowledge by virtue of his prior role as part of the senior management of the companies.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search,

concerning agreements or understandings among the defendants regarding the marketing, promotion, or operation of the EB-5 investment program.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 22:**

All documents concerning the denial of Plaintiff's I-526 petition, including any communications with Plaintiff, USCIS, or among the defendants regarding the denial.

**Response:**

Defendants object to this Request as overbroad and unduly burdensome, and as seeking documents that may contain confidential information, including attorney–client privileged or attorney work-product protected material. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of the information sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents and communications in their possession, custody, or control, after a reasonable search, concerning the denial of Plaintiff's I-526 petition.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 23:**

All documents concerning any efforts to secure a refund for Plaintiff following the denial of her I-526 petition.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and as seeking documents

already within Cross-Complainant's knowledge or possession by virtue of his prior role as part of the senior management of the companies.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any efforts to secure a refund for Plaintiff following the denial of her I-526 petition. Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 24:**

All documents concerning the financial condition, assets, liabilities, and capitalization of NYC Green Transportation Group LLC and NuRide Transportation Group LLC from 2018 to present.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and as seeking confidential and sensitive financial information not proportional to the needs of the case, except to the extent directly relevant to the claims or defenses. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had access to much of this information.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged financial documents in their possession, custody, or control, after a reasonable search, concerning the financial condition, assets, liabilities, and capitalization of the companies for the relevant period.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 25:**

All documents concerning Nadim Ahmed's role, authority, and responsibilities in NYC Green Transportation Group LLC and NuRide Transportation Group LLC from 2018 to present.

**Response:**

Defendants object to this Request as overbroad and unduly burdensome, and to the extent it seeks "all documents" without reasonable limitation as to subject matter or time. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had access to much of the information sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning Nadim Ahmed's role, authority, and responsibilities in the companies. Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 26:**

All documents concerning any representations made by co-defendants to Anthony G. Parrizzi regarding the EB-5 Program, its compliance with applicable laws and regulations, or the status of the regional center designation.

**Response:**

Defendants object to this Request as overbroad, vague, and unduly burdensome, and to the extent it seeks information already known to Cross-Complainant by virtue of his prior role as part of the senior management of the companies. Defendants further object to the extent it seeks documents protected by the attorney–client privilege or attorney work-product doctrine.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning any representations made to Defendant Parrizzi regarding the EB-5 Program, compliance with applicable laws, or the status of the regional center designation. Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided

concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 27:**

All documents concerning any due diligence performed by any defendant regarding the EB-5 Program, regional center requirements, or project eligibility.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and as seeking documents that may contain confidential business information, and to the extent it seeks documents protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had access to much of this information during the relevant period.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged due diligence documents in their possession, custody, or control, after a reasonable search, concerning the EB-5 Program, regional center requirements, or project eligibility. Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 28:**

All documents concerning any legal advice sought or received by any defendant regarding the EB-5 Program, offering materials, or compliance with securities laws.

**Response:**

Defendants object to this Request as overbroad, unduly burdensome, and to the extent it seeks documents protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that this Request seeks information not proportional to the needs of the case and already known to Cross-Complainant in part through his prior role as part of the senior management of the companies.

Subject to and without waiving these objections, and without producing privileged material, Defendants will produce any responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning legal advice sought or received regarding the EB-5 Program, offering materials, or compliance with securities laws.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 29:**

All documents concerning any agreements or understandings among the defendants regarding the allocation of responsibilities for ensuring compliance with EB-5 Program requirements and securities laws.

**Response:**

Defendants object to this Request as overbroad, vague, and unduly burdensome, and to the extent it seeks documents protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had knowledge of or access to much of the information sought.

Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control, after a reasonable search, concerning agreements or understandings regarding allocation of responsibilities for compliance with EB-5 Program requirements and securities laws.

Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

**Request No. 30:**

All documents identified in your initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**Response:**

Defendants object to this Request as overbroad and duplicative, as it seeks documents already provided or identified in Defendants' initial disclosures. Defendants further object on the ground that many of these materials were already provided to Plaintiff and copied to Cross-Complainant on August 6, 2025.

Subject to and without waiving these objections, Defendants will produce non-privileged documents in their possession, custody, or control, after a reasonable search, that were identified in Defendants' Rule 26(a)(1) disclosures, to the extent they have not already been produced. Responsive, non-privileged documents in Defendants' possession, custody, or control, to the extent located after a reasonable search, will be made available via a secure link provided concurrently with these responses. Some documents have also been previously produced to Plaintiff, with Cross-Complainant's counsel copied by email. Defendants reserve the right to supplement this response if additional responsive, non-privileged documents are located.

## CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT

I certify under penalty of perjury that the foregoing <u>Answers to Document Requests</u> provided by Defendnat/cross claimant Parrizzi are true, complete, and accurate. I am aware that, if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I further certify that, at this time, no expert reports or summaries have been annexed. If any such reports become known or available, they shall be served promptly, but in no case later than the time prescribed by the applicable Rules or Scheduling Order.

Sign: _____

Print: _Nadim Ahmed_____

Title: _Exe. Chairman_____

FOR AND ON BEHALF OF
NURIDE TRANSPORTATION GROUP LLC

Sign: _____

Print: _Nadim Ahmed_____

Title: _Exe. Chairman_____

FOR AND ON BEHALF OF
NYC GREEN TRANSPORTATION GROUP LLC
Sign: _____

Print: _Nadim Ahmed_____

Title: _Exe. Chairman_____

FOR AND ON BEHALF OF
NADIM AHMED

Dated:
08/11/25

Fasih Din, Esquire
Law Office of Fasih U. Din
1623 3rd Avenue, 25-F
New York, NY 10128
fasihlaw@gmail.com
(646)413-0360

ATTORNEY FOR DEFENDANTS:
NURIDE TRANSPORTATION GROUP LLC
NYC GREEN TRANSPORTATION GROUP LLC
NADIM AHMED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| A. RUM KIM,<br><br>                    Plaintiff,<br><br>         v.<br><br>NYC GREEN TRANSPORTATION GROUP LLC; NURIDE TRANSPORTATION GROUP LLC; ANTHONY G. PARRIZZI; and NADIM AHMED,<br><br>                    Defendants. | Civil Case No. 1:23-cv-05445-FB-PK<br><br>Hon. Frederick Block, U.S.D.J<br><br>Hon. Peggy Kuo, U.S.M.J.<br><br><u>DEFENDANTS' RESPONSE TO CROSSCOMPLAINANT PARRIZZI'S INTERROGATORIES</u> |

**TO:**   JOHN SIPSAS, ESQ.
Sipsas PC 31-16 30th Avenue, Suite 201,
Astoria, New York 11102
email at john@sipsaslaw.com and gina@sipsaslaw.com
*(Served Via Email on 08/11/2025)*

PLEASE TAKE NOTICE that Defendants, NuRide Transportation Group LLC, NYC

Green Transportation Group LLC and Nadim Ahmed (hereinafter "Defendants"), respond to the

following interrogatories in accordance with Rule 26 and 33 and the applicable Scheduling

Order.

Law Offices of Fasih U. Din

Attorney for Defendants,
NURIDE TRANSPORTATION GROUP LLC
NYC GREEN TRANSPORTATION GROUP LLC
NADIM AHMED

*Fasih Din*
_____

Dated: AUGUST 10, 2025

# DEFENDANTS' GENERAL OBJECTIONS TO CROSS–COMPLAINANT'S INTERROGATORIES

Defendants NYC Green Transportation Group LLC, NuRide Transportation Group LLC, and Nadim Ahmed (collectively, "Defendants"), by their undersigned counsel, respond to Defendant Anthony G. Parrizzi's First Set of Interrogatories to Co–Defendants, subject to and without waiving the following General Objections, which are incorporated into each individual response as if fully set forth therein:

1. Reservation of Rights – Defendants object to each and every Interrogatory to the extent it seeks information protected by the attorney–client privilege, the attorney work–product doctrine, or any other applicable privilege or immunity. Any inadvertent disclosure of privileged information shall not be deemed a waiver of such privilege.

2. Exceeding Scope of Rule 33 – Defendants object to the Definitions and Instructions to the extent they impose obligations beyond those required under Rule 33 of the Federal Rules of Civil Procedure, including but not limited to requirements to identify documents, communications, or persons with excessive detail, or to provide information not within Defendants' possession, custody, or control.

3. Overbreadth, Undue Burden, and Lack of Proportionality – Defendants object to the Interrogatories to the extent they are overbroad, unduly burdensome, vague, ambiguous, seek irrelevant information, are not proportional to the needs of the case, or are duplicative of discovery already served by Plaintiff. Defendants further object to the continuing nature of these Interrogatories as unduly burdensome and inconsistent with the proportionality requirements of Rule 26(b)(1).

4. Duplicative and Harassing – Defendants object on the ground that many Interrogatories substantially duplicate discovery already served and answered in response to Plaintiff's demands. Moreover, the Cross–Complainant, by virtue of his prior position and role within NYC Green Transportation Group LLC and/or NuRide Transportation Group LLC, had access to and possession of much of the information and documentation sought herein. These Interrogatories therefore appear designed to harass and impose unnecessary burden rather than to obtain genuinely new information.

5. Time Frame – Defendants object to the Interrogatories to the extent they are not reasonably limited in time and scope, and to the extent they seek information prior to January 1, 2017 or after the present date, absent a showing of relevance.

6. Possession, Custody, or Control – Defendants will respond only to the extent the requested information is within their possession, custody, or control after a reasonable search. Defendants object to any demand that they obtain information from third parties, including governmental agencies, financial institutions, or former employees, not presently under their control.

7. No Waiver – Subject to and without waiving these objections, Defendants will respond to the Interrogatories in good faith based on a reasonable inquiry and the information presently known or reasonably available.

## SPECIFIC RESPONSES TO INTERROGATORIES

Unless otherwise indicated, Defendants incorporate by reference the General Objections set forth above into each of the following responses. The following responses are made solely for purposes of this litigation. By responding, Defendants do not concede the relevance or admissibility of any information provided, nor waive any objection to its use.

**Interrogatory No. 1:**

Identify all individuals who were officers, directors, managers, or had decision-making authority regarding the EB-5 investment program operated by NYC Green Transportation Group LLC and NuRide Transportation Group LLC from January 2017 to the present, including their titles, roles, responsibilities, and the specific time periods during which they held such positions.

**Response:**

Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks identification of "all individuals" over an extended multi-year period without limitation to those relevant to the claims or defenses in this action. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that individuals with decision-making authority during the relevant period included senior company management and designated managers responsible for EB-5 operations. Responsive information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 06,

2025, which were served on Plaintiff and copied to Cross-Complainant's counsel. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 2:**

Describe in detail the organizational structure, management hierarchy, and operational relationship between NYC Green Transportation Group LLC and NuRide Transportation Group LLC as it relates to the EB-5 investment program during the period from January 2017 to the present.

**Response:**

Defendants object to this Interrogatory as overbroad, vague, and unduly burdensome, particularly in its request for "detailed" descriptions over a multi-year period. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that during the relevant period, NYC Green Transportation Group LLC and NuRide Transportation Group LLC operated with separate corporate structures but coordinated certain EB-5 program functions, including investor relations and administrative processing, through designated officers and staff. Responsive information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 06, 2025, which were served on Plaintiff and copied to Cross-Complainant's counsel. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 3:**

Identify all individuals who participated in recruiting, meeting with, or communicating with Plaintiff A. Rum Kim regarding her EB-5 investment, including the dates of such interactions and the specific role each individual played in the process.

**Response:**

Defendants object to this Interrogatory as overbroad and unduly burdensome, and as seeking information already within Cross-Complainant's knowledge. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that individuals involved in communications with Plaintiff A. Rum Kim included designated investor relations staff and company officers responsible for EB-5 inquiries and documentation. Responsive information is

also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 06, 2025, which were served on Plaintiff and copied to Cross-Complainant's counsel. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 4:**

Describe in detail all representations, promises, or guarantees made to EB-5 investors, including Plaintiff A. Rum Kim, regarding the return of investment funds in the event that an I-526 petition was denied by USCIS.

**Response:**

Defendants object to this Interrogatory as vague, overbroad, and unduly burdensome, and to the extent it seeks information protected by the attorney–client privilege or attorney work-product doctrine. Defendants further object to the extent the term "guarantees" mischaracterizes communications and calls for a legal conclusion. Defendants also object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that they are not aware of any binding "guarantees" of return of investment funds beyond what is expressly set forth in the governing written agreements, which speak for themselves. Responsive information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 06, 2025, which were served on Plaintiff and copied to Cross-Complainant's counsel. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 5:**

Identify all documents, agreements, marketing materials, or communications provided to Plaintiff A. Rum Kim or other EB-5 investors that described the terms, conditions, risks, or guarantees associated with the EB-5 investment program operated by NYC Green Transportation Group LLC and NuRide Transportation Group LLC.

**Response:**

Defendants object to this Interrogatory as overbroad and duplicative of Plaintiff's prior discovery demands, to which Defendants have already responded. Defendants further object to the extent the request seeks "all documents" without reasonable limitation. Defendants also object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of

the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, responsive information is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 06, 2025, which were served on Plaintiff and copied to Cross-Complainant's counsel. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 6:**
Describe in detail the specific role, authority, responsibilities, and limitations that were assigned to or imposed upon Defendant Anthony G. Parrizzi with respect to the EB-5 investment program, including who determined these parameters and how they were communicated to Parrizzi.

**Response:**
Defendants object to this Interrogatory as overbroad, vague, and unduly burdensome, and to the extent it seeks information already within Cross-Complainant's personal knowledge as the subject of the question. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that Defendant Parrizzi's role and authority in the EB-5 investment program were defined by his employment contracts in his position as Chief Executive Officer as amended or changed during his employment, and the functions he performed including but not limited to signing of the EB-5 project documents, authorized bank signatory, and overall management of the project. Responsive information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 7:**
Identify all compensation, benefits, or other consideration paid or promised to Defendant Anthony G. Parrizzi for his involvement with the EB-5 investment program, including the amounts, dates, and terms of such compensation.

**Response:**
Defendants object to this Interrogatory as overbroad, unduly burdensome, and as seeking information already within Cross-Complainant's knowledge or records. Defendants further object to the extent the Interrogatory seeks private or confidential financial information beyond what is relevant to the claims or defenses in this action. Defendants also object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the

companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that information regarding compensation or benefits to Defendant Parrizzi, if any, would be limited to the terms agreed upon between him and the companies. Responsive information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 8:**
Describe in detail all communications, agreements, or understandings between Defendant Nadim Ahmed and Defendant Anthony G. Parrizzi regarding Parrizzi's role, responsibilities, authority, and involvement in the EB-5 investment program from January 2017 to the present.

**Response:**
Defendants object to this Interrogatory as overbroad and duplicative of discovery already served by Plaintiff. Defendants further object to the extent the Interrogatory seeks privileged communications or information already within Cross-Complainant's personal knowledge as a party to such communications or agreements. Defendants also object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, responsive information is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 9:**
Identify all individuals who had authority to make representations to potential EB-5 investors on behalf of NYC Green Transportation Group LLC and NuRide Transportation Group LLC, including the scope of their authority and any limitations thereon.

**Response:**
Defendants object to this Interrogatory as overbroad and unduly burdensome to the extent it seeks "all individuals" without reasonable limitation and as duplicative of discovery already served by Plaintiff. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that only authorized officers or designated representatives were permitted to make representations to potential EB-5 investors, and such authority was limited to the scope of their assigned duties. Responsive information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 10:**
Describe in detail the process for handling, managing, and safeguarding EB-5 investment funds received from investors, including Plaintiff A. Rum Kim, identifying all individuals involved in this process and their specific responsibilities.

**Response:**
Defendants object to this Interrogatory as overbroad, unduly burdensome, and seeking information beyond what is relevant to the claims or defenses in this action. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that EB-5 investment funds were received into designated company accounts, recorded in company financial systems, and disbursed in accordance with the terms of governing agreements and program requirements. Authorized officers and designated finance staff were responsible for overseeing these processes. Responsive information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 11:**
Identify all bank accounts, investment accounts, or other financial repositories where Plaintiff A. Rum Kim's $500,000 investment and $20,000 administrative fee were deposited, transferred, or maintained, including account numbers, financial institutions, account holders, and authorized signatories.

**Response:**
Defendants object to this Interrogatory as overbroad, unduly burdensome, and as seeking confidential financial information not proportional to the needs of the case, and to the extent such information is already reflected in records previously provided. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of

the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, responsive information is reflected in banking and financial records previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 12:**
Describe in detail how Plaintiff A. Rum Kim's $500,000 investment and $20,000 administrative fee were used, allocated, or spent after receipt, including the dates, amounts, recipients, and purposes of all disbursements.

**Response:**
Defendants object to this Interrogatory as overbroad, unduly burdensome, and duplicative of prior discovery served by Plaintiff, which included requests for financial records. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, responsive information is reflected in financial records previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 13:**
Identify all communications between any representative of NYC Green Transportation Group LLC, NuRide Transportation Group LLC, or Nadim Ahmed and Plaintiff A. Rum Kim regarding her I-526 petition, its denial, or any request for return of her investment funds.

**Response:**
Defendants object to this Interrogatory as overbroad, unduly burdensome, and as seeking information already within Cross-Complainant's knowledge and possession. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, responsive information is reflected in communications previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 14:**

Describe in detail any policies, procedures, or practices of NYC Green Transportation Group LLC and NuRide Transportation Group LLC regarding the return of EB-5 investment funds to investors whose I-526 petitions were denied by USCIS.

**Response:**

Defendants object to this Interrogatory as vague, overbroad, and unduly burdensome, and to the extent it seeks information already contained in governing agreements. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, Defendants state that company policies regarding return of EB-5 investment funds were governed by the terms of the applicable offering and subscription documents, which speak for themselves. Responsive information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 15:**

Identify all other EB-5 investors whose I-526 petitions were denied and describe what happened regarding the return of their investment funds, including whether funds were returned, the amount returned, and the timing of such returns.

**Response:**

Defendants object to this Interrogatory as overbroad, unduly burdensome, and as seeking confidential third-party information not proportional to the needs of the case. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, responsive information to the extent not involving confidential third-party data is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 16:**

Describe in detail any indemnification agreements, provisions, or understandings between or among the Defendants, including the terms, conditions, and scope of any such indemnification obligations.

**Response:**

Defendants object to this Interrogatory as overbroad, unduly burdensome, and to the extent it seeks privileged attorney–client communications or attorney work-product. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, responsive non-privileged information is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 17:**

Identify all communications between or among the Defendants regarding potential liability, indemnification, or allocation of responsibility related to the EB-5 investment program generally or specifically regarding Plaintiff A. Rum Kim's investment.

**Response:**

Defendants object to this Interrogatory as vague, overbroad, and as seeking privileged attorney–client communications and attorney work-product. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information sought herein during the relevant period.

Subject to and without waiving these objections, responsive non-privileged information is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 18:**

Describe in detail the factual basis for your denial that you owed any fiduciary duty to Defendant Anthony G. Parrizzi as alleged in his crossclaims.

**Response:**

Defendants object to this Interrogatory as vague, overbroad, and as seeking legal conclusions. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of the information relating to his role and relationship with Defendants during the relevant period.

Subject to and without waiving these objections, Defendants state that no fiduciary duty was owed to Defendant Parrizzi because his relationship with the companies was governed by

contractual terms and the scope of responsibilities assigned to him in his capacity with the companies, none of which created or imposed fiduciary obligations as alleged. Responsive non-privileged information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 19:**
Identify all individuals who participated in preparing, reviewing, or approving marketing materials, investment agreements, or other documents provided to EB-5 investors, including Plaintiff A. Rum Kim.

**Response:**

Defendants object to this Interrogatory as overbroad and unduly burdensome to the extent it seeks "all individuals" over multiple years without reasonable limitation. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of this information during the relevant period.

Subject to and without waiving these objections, Defendants state that individuals involved in preparing, reviewing, or approving such materials included company officers, designated staff, and external consultants engaged for EB-5 compliance and investor communications. Responsive non-privileged information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 20:**
Describe in detail all steps taken by NYC Green Transportation Group LLC, NuRide Transportation Group LLC, or Nadim Ahmed to ensure that representations made to potential EB-5 investors, including Plaintiff A. Rum Kim, were accurate, complete, and not misleading.

**Response:**

Defendants object to this Interrogatory as vague, overbroad, and unduly burdensome, and as seeking information already available to Cross-Complainant by virtue of his prior role as part of the senior management of the companies.

Subject to and without waiving these objections, Defendants state that steps taken to ensure accuracy and completeness of representations included review of materials by company management, consultation with immigration counsel, and adherence to the requirements of applicable EB-5 program guidelines. Responsive non-privileged information is also reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 21:**
Identify all legal counsel, consultants, or advisors who provided guidance, advice, or services to NYC Green Transportation Group LLC or NuRide Transportation Group LLC regarding the EB-5 investment program, including the nature of the guidance provided and the time periods during which such services were rendered.

**Response:**

Defendants object to this Interrogatory as overbroad, unduly burdensome, and as seeking information protected by the attorney–client privilege and/or attorney work-product doctrine. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or access to much of this information during the relevant period.

Subject to and without waiving these objections, responsive non-privileged information is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 22:**
Describe in detail all communications between or among the Defendants regarding Plaintiff A. Rum Kim's demand for return of her investment following the denial of her I-526 petition.

**Response:**

Defendants object to this Interrogatory as vague, overbroad, and as seeking privileged attorney–client communications and attorney work-product. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of this information during the relevant period.

Subject to and without waiving these objections, responsive non-privileged information is reflected in documents and communications previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 23:**

Identify all documents that define, describe, limit, or establish the relationship between Defendant Anthony G. Parrizzi and the co-Defendants, including any employment agreements, consulting agreements, partnership agreements, operating agreements, or other contractual arrangements.

**Response:**

Defendants object to this Interrogatory as overbroad and duplicative of discovery already served by Plaintiff. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of this information during the relevant period.

Subject to and without waiving these objections, responsive non-privileged information is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 24:**

Describe in detail all representations made by co-Defendants to Defendant Anthony G. Parrizzi regarding his role, authority, potential liability, or protection from liability in connection with the EB-5 investment program.

**Response:**

Defendants object to this Interrogatory as vague, overbroad, and unduly burdensome, and to the extent it seeks information already within Cross-Complainant's personal knowledge as a party to such communications. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of this information during the relevant period.

Subject to and without waiving these objections, responsive non-privileged information is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

**Interrogatory No. 25:**

Identify all communications between or among the Defendants concerning this litigation, the crossclaims filed by Defendant Anthony G. Parrizzi, or any potential resolution of the claims and crossclaims asserted in this action.

**Response:**

Defendants object to this Interrogatory as vague, overbroad, and as seeking privileged attorney–client communications and attorney work-product. Defendants further object on the ground that Cross-Complainant, by virtue of his prior role as part of the senior management of the companies, had personal knowledge of and/or direct access to much of this information during the relevant period.

Subject to and without waiving these objections, responsive non-privileged information is reflected in documents previously produced in Defendants' discovery responses to Plaintiff dated August 6, 2025, which were served on Plaintiff and Cross-Complainant's counsel via email. Defendants reserve the right to supplement this response if additional responsive, non-privileged information becomes known.

## CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT

I certify under penalty of perjury that the foregoing Answers to Interrogatories provided by "NuRide Transportation Group LLC, NYC GREEN TRANSPORTATION GROUP LLC AND NADIM AHMED" are true, complete, and accurate.  I am aware that, if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I further certify that, at this time, no expert reports or summaries have been annexed. If any such reports become known or available, they shall be served promptly, but in no case later than the time prescribed by the applicable Rules or Scheduling Order.

FOR AND ON BEHALF OF

NURIDE TRANSPORTATION GROUP LLC

Sign: _____

Print: _Nadim Ahmed_____

Title: _Exe. Chairman_____

NYC GREEN TRANSPORTATION GROUP LLC

Sign: _____

Print: _____

Title: _____

NADIM AHMED

Sign: _____

Print: _____

Title: _____

Dated:

**EXHIBIT 3**

| From: | John Sipsas |
| --- | --- |
| To: | Landry Belizaire; Fasih Din <fasihlaw@gmail.com> |
| Cc: | Gina Maria Nikolaou; Hernann Angerville; John Sipsas |
| Subject: | RE: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Discovery conference request |
| Date: | Thursday, October 2, 2025 9:08:00 PM |

Counselors,

You failed to accept a discovery conference pursuant to the court's order and our office has not received responses to our demands.

Pursuant to the Court's order please send me a joint letter and I will have a separate section with exhibits as requested by the court.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas
**Sent:** Wednesday, September 24, 2025 9:36 PM
**To:** 'Landry Belizaire' <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Discovery conference request

Counselors ,

You failed to produce the discovery requested {KIM : RFA and document discovery; Nuride: Interrogatories and document discovery} in violation of the court's directive.

Pursuant to the court order , we need to confer.

I am available on Friday (8/26 ) from 11:30AM to 12:30 PM and 3:00PM to4PM or on Monday(9/29) : 10 AM to 12:30 PM.

Let me know.

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Friday, September 19, 2025 12:34 PM
**To:** John Sipsas <john@sipsaslaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>
**Subject:** Re: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon NYC Green

Understood.

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

<u>Confidentiality Notice:</u>

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Friday, September 19, 2025 9:06 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** Re: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon NYC Green

Landry : the assertion of a motion is not a thread ! You have done it to other co-defendants . It is a statement that I will seek relief as permitted by law. You will have the chance to oppose it on the merits .
Looking forward to a submission that complies with the federal rules .

Best

John P. Sipsas

Principal Attorney

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

Office: 718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Friday, September 19, 2025 8:29 AM
**To:** John Sipsas <john@sipsaslaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>
**Subject:** Re: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon NYC Green

Dear John:

Thank you for your email. Please slow down on this motion practice threat. All parties are doing their best to answer the discovery demands in a timely manner. You will have all the Plaintiff's responses shortly.

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Thursday, September 18, 2025 7:35 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** Re: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon NYC Green

You are welcome , Landry .
But you and Fasih still have not properly reply to my discovery demands ( I know that you need to do by Monday ). So, on Tuesday we will see.
Let me know a   date to confer as I predict a motion practice .
Best


John P. Sipsas

Principal Attorney

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

Office: 718-777-0909

Mobile: 917-704-2637


**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Thursday, September 18, 2025 7:31:11 AM
**To:** John Sipsas <john@sipsaslaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>
**Subject:** Re: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon NYC Green

Dear John:

Thank you for your prompt response on the RFAs.

Best regards,

Landry Belizaire, Esquire
Counsel for Plaintiff Arum Kim

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Thursday, September 18, 2025 6:14 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon NYC Green

Landry, please see Defendant's Parrizzi's responses to the ROA regarding Exhibits A to  I, as indicated and attached to your  email below..
Regards
John P. Sipsas
Sipsas PC
31-16 30th Avenue, Suite 201
Astoria, New York 11102
718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Thursday, September 11, 2025 10:56 AM
**To:** Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** John Sipsas <john@sipsaslaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>
**Subject:** Re: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon NYC Green
**Importance:** High

Exhibit A Guarantee of Refund 1.pdf

Exhibit B Subscription Agreement 1.pdf

Exhibit C Signature Page of Subscription Agreement 1.pdf

Exhibit D Signed Escrow Agreement 1.pdf

Exhibit E Account No. XXXXXX0072 1.pdf

Exhibit F Account No. XXXXXX0269 1.pdf

[Exhibit G Account No. XXXXXX4329 1.pdf](#)

[Exhbit H Operating Agreement 1.pdf](#)

[Exhibit I 1st Signature Page of Operating Agreement 1.pdf](#)

[Exhibit J 2nd Signature Page to Operating Agreement 1.pdf](#)

Dear Fasih:

I hope all is well.  To avoid any "cute" answers to Plaintiff's RFAs, we have attached hereto all documents referenced or alluded to in Plaintiff's RFAs.  The attachments apply to all defendants.  Thanks.

Best regards,

Landry Belizaire, Esquire
Counsel for Plaintiff Arum Kim

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is

intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Monday, August 18, 2025 5:55 PM
**To:** Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** John Sipsas <john@sipsaslaw.com> <john@sipsaslaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com> <gina@sipsaslaw.com>; Hernann Angerville <ha@belizairelaw.com>
**Subject:** Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon NYC Green

Dear Fasih:

Attached please find "Plaintiff's First Requests for Admissions Upon NYC Green Transportation Group LLC," along with Exhibits A, B, C, D, and our "Certification of Service." Kindly respond to these RFAs in accordance with the Rules.  Thanks.

Best regards,

Landry Belizaire, Esquire
Counsel for Plaintiff Arum Kim

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

# EXHIBIT 4

| **From:** | John Sipsas |
| **To:** | Landry Belizaire; Fasih Din |
| **Cc:** | Gina Maria Nikolaou; John Sipsas |
| **Subject:** | RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi"s Discovery Demand upon Plaintiff KIM |
| **Date:** | Tuesday, July 1, 2025 9:50:00 AM |
| **Attachments:** | Document demands.pdf |

Landry, Good morning.

Please see attached Parrizzi's Discovery Demand upon Plaintiff Kim.

Regards


John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Tuesday, July 1, 2025 9:08 AM
**To:** John Sipsas <john@sipsaslaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM


Thanks. When is our deadline for discovery requests?


Best regards,


Landry Belizaire, Esquire

BELIZAIRE LAW P.C.

2 Broad Street, Suite 505

Bloomfield, NJ 07003

Tel: 973.748.0808

Fax: 973.748.3949

Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is

intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Tuesday, July 1, 2025 9:05 AM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Interrogatories upon Plaintiff KIM

Landry, Good morning.
Please see attached Parrizzi's interrogatories upon Plaintiff Kim.
Regards
John P. Sipsas
Sipsas PC
31-16 30th Avenue, Suite 201
Astoria, New York 11102
718-777-0909
Mobile: 917-704-2637

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Friday, June 20, 2025 9:24 AM
**To:** Fasih Din <fasihlaw@gmail.com>; John Sipsas <john@sipsaslaw.com>
**Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26 Initial Disclosure

Thanks.

Best regards,

Landry Belizaire, Esquire

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s). If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited. If you have received this communication in error, please contact the sender immediately.

---

**From:** Fasih Din <fasihlaw@gmail.com>
**Sent:** Thursday, June 19, 2025 3:02 PM
**To:** John Sipsas <john@sipsaslaw.com>
**Cc:** Landry Belizaire <lb@belizairelaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Re: 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Parrizzi's Rule 26 Initial Disclosure

Please see attached Defendants' Rule 26 Initial Disclosures.

Thank you.

On Fri, Jun 13, 2025 at 10:27 AM John Sipsas <john@sipsaslaw.com> wrote:

> Counselors,
> Pursuant to the discovery order , please find attached Parrizzi's Rule 26 Initial Disclosure.
> Regards
>
> John P. Sipsas
> Sipsas PC
> 31-16 30th Avenue, Suite 201
> Astoria, New York 11102
> 718-777-0909
> Mobile: 917-704-2637

---

> **From:** John Sipsas
> **Sent:** Thursday, June 12, 2025 5:54 PM
> **To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
> **Cc:** Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
> **Subject:** 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Answer to THIRD Amended Complaint
>
> Counselors,
> See attached Parrizzi's answer and cross claims . 1:23-cv-05445-FB-PK Kim v. NYC Green Transportation Group LLC et al Answer to Amended Complaint

Best

John P. Sipsas
Sipsas PC
31-16 30th Avenue, Suite 201
Astoria, New York 11102
718-777-0909
Mobile: 917-704-2637

--

Sincerely,

Fasih U. Din
Attorney-at-Law
Law Offices of Fasih U. Din
1623 3rd Ave, 25-F
New York, NY 10128
Ph:(646)413-0360
fdin@dinlawnyc.com
www.dinlawnyc.com

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying,  forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Landry Belizaire |
| **To:** | John Sipsas; Gina Maria Nikolaou; Fasih Din <fasihlaw@gmail.com> |
| **Cc:** | Hernann Angerville; Landry Belizaire |
| **Subject:** | Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-PK / Plaintiff's Document Production |
| **Date:** | Wednesday, August 6, 2025 8:30:46 PM |
| **Importance:** | High |

☐ Kim Doc Production Wage Hour Lawsuit.pdf
☐ Kim Doc Production Agreements and Email.pdf
☐ Kim Doc Production Brochures1.pdf
☐ Kim Doc Production Brochures2.pdf
☐ Kim Doc Production Criminal Complaint.pdf
☐ Kim Doc Production SEC Complaint.pdf
☐ Kim Doc Production USCIS Decision.pdf
☐ Kim Doc Production Refund Request.pdf
☐ Kim Doc Production K-1.pdf
☐ Kim Doc Production Investment Funds.pdf
☐ Kim Doc Production I-526.pdf
☐ Kim Doc Production RFE.pdf

Dear All Counsel:

Attached please find "Plaintiff's Document Production" in response to "Defendants' First Requests for Documents" in the above-referenced civil action.  Plaintiff's written Answers will be provided under a separate cover letter/email.  Please be guided accordingly.  Thank you for your careful attention to this matter.

Best regards,

Landry Belizaire, Esquire
Counsel for Plaintiff Arum Kim

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is

intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

# EXHIBIT 6

Landry, good afternoon.

Please see Def. Parrizzi First Requests for Admission upon Plaintiff Kim with Exhibits A,B,C,D and E.

Def. Parrizzi First Requests for Admission upon Plaintiff Kim in the Dropbox file below:

https://www.dropbox.com/scl/fi/12zv6espzpredv5zelb5c/FIRST-REQUEST-FOR-ADMISSIONS-TO-KIM-W-EXHIBITS-A-B-C-D-and-E-8.18.25.pdf?rlkey=x50efdrx4s15npwmuck81l5mv&st=plnzak06&dl=0

Regards


John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Sunday, August 17, 2025 7:28 PM
**To:** Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Hernann Angerville <ha@belizairelaw.com>; John Sipsas <john@sipsaslaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon Nadim Ahmed
**Importance:** High


Dear Counsel:

For the sake of your convenience, we attach hereto the WORD version of "Plaintiff's First Requests for Admissions Upon Nadim Ahmed." Thanks.

Best regards,

Landry Belizaire, Esquire
Counsel for Plaintiff Arum Kim

BELIZAIRE LAW P.C.

2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.

| From: | John Sipsas |
|---|---|
| To: | Landry Belizaire; Fasih Din <fasihlaw@gmail.com> |
| Cc: | Hernann Angerville; Gina Maria Nikolaou; John Sipsas |
| Subject: | RE: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE Def. Parrizzi First Requests for Admission upon Plaintiff Kim |
| Date: | Monday, August 18, 2025 12:44:00 PM |
| Attachments: | NOTICE TO ADMIT.docx |

Landry, as courtesy see our First Requests for Admission upon Plaintiff Kim in WORD FORMAT (unsigned).

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

---

**From:** John Sipsas <john@sipsaslaw.com>
**Sent:** Monday, August 18, 2025 12:42 PM
**To:** Landry Belizaire <lb@belizairelaw.com>; Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Hernann Angerville <ha@belizairelaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com>; John Sipsas <john@sipsaslaw.com>
**Subject:** RE: Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE Def. Parrizzi First Requests for Admission upon Plaintiff Kim

Landry, good afternoon.

Please see Def. Parrizzi First Requests for Admission upon Plaintiff Kim with Exhibits A,B,C,D and E. Def. Parrizzi First Requests for Admission upon Plaintiff Kim in the Dropbox file below:

https://www.dropbox.com/scl/fi/12zv6espzpredv5zelb5c/FIRST-REQUEST-FOR-ADMISSIONS-TO-KIM-W-EXHIBITS-A-B-C-D-and-E-8.18.25.pdf?rlkey=x50efdrx4s15npwmuck81l5mv&st=plnzak06&dl=0

Regards

John P. Sipsas

Sipsas PC

31-16 30th Avenue, Suite 201

Astoria, New York 11102

718-777-0909

Mobile: 917-704-2637

**From:** Landry Belizaire <lb@belizairelaw.com>
**Sent:** Sunday, August 17, 2025 7:28 PM
**To:** Fasih Din <fasihlaw@gmail.com> <fasihlaw@gmail.com>
**Cc:** Hernann Angerville <ha@belizairelaw.com>; John Sipsas <john@sipsaslaw.com>; Gina Maria Nikolaou <gina@sipsaslaw.com>
**Subject:** Arum Kim vs. NYC Green, et al. / Case No. 23-CV-5445-FB-SE / Plaintiff's First Requests for Admissions Upon Nadim Ahmed
**Importance:** High

Dear Counsel:

For the sake of your convenience, we attach hereto the WORD version of "Plaintiff's First Requests for Admissions Upon Nadim Ahmed."  Thanks.

Best regards,

Landry Belizaire, Esquire
Counsel for Plaintiff Arum Kim

BELIZAIRE LAW P.C.
2 Broad Street, Suite 505
Bloomfield, NJ 07003
Tel: 973.748.0808
Fax: 973.748.3949
Cell: 973.634.3672

Confidentiality Notice:

This electronic communication contains privileged and confidential information that is intended for the use of only the addressee(s).  If you are not the intended recipient, then any review, distribution, or use of the contents of this communication is prohibited.  If you have received this communication in error, please contact the sender immediately.